EDWARD E. CHASE *vs.* INHABITANTS OF SURRY.

Hancock.　Opinion February 15, 1896.

*Towns.　Way.　Defect.　Notice.　R. S., c. 18, § 80.*

As a condition precedent to the plaintiff's right to recover, in an action for injuries received on account of a defective highway, the statute declares that he shall within fourteen days after the injury notify the municipal officers of the town "by letter or otherwise, in writing," setting forth his claim for damages, and specifying the nature of his injuries and the nature and location of the defect which caused such injury.

Where such notice is mailed within the fourteen days, but is not actually received till after the expiration of that time, it is not a compliance with the terms of the statute.

ON EXCEPTIONS.

This was an action of case for injury to a horse alleged to have been caused by a defective highway in the defendant town.

The evidence disclosed that in March, 1894, at the annual town meeting, the defendant town elected several highway surveyors, assuming to elect them for the several districts in the town.

The surveyor elected for district No. 4 did not qualify and refused to serve. Whereupon the selectmen verbally appointed one Reuben G. Osgood as highway surveyor for district No. 4. He was duly sworn as appears by the oath recorded in the town records, and acted as highway surveyor within said district for the year 1894.

The other surveyors elected by the town were duly qualified and served during said year, but not within the limits of district No., 4. Within the limits of said district Reuben G. Osgood acted exclusively.

The alleged defect causing the accident and injuries complained of was within the limit of said district.

No twenty-four hours' actual notice of the defect was had by any officer of the town except Reuben G. Osgood. The evidence tended to show and the jury found that he had such notice, and upon notice to him the plaintiff relied. Upon this point the presiding justice instructed the jury as follows:

" It is necessary, then, that one of the municipal officers, and by that is meant selectmen, highway surveyors or road commissioners, had twenty-four hours' actual notice of the defect which caused the injury. It is only claimed that one Reuben G. Osgood had this notice. No testimony has been introduced that any one of the selectmen, or any other of the officers named, had any notice, but that Reuben G. Osgood did have notice. And the first question to arise is, was he a highway surveyor within the meaning of the statute on the 30th day of May, and for twenty-four hours at least prior to that time, or as this was caused as claimed by the plaintiff on the 28th day of May, was he, on the 28th day of May a highway surveyor within the meaning of the language of the statute.

" Now, officers are ordinarily elected, or appointed, in accordance with the requirements of the statute, which points out the method in detail of their election or appointment, and a person who is so elected or so appointed, speaking now of a public officer, is what is known to the law as a de jure officer, that is, one that is legally elected and lawfully acting and holding the office. But I instruct you for the purposes of this case, that the notice which I am speaking about now, namely, the twenty-four hours' prior notice, will be sufficient if it is had by a de facto officer of the town, one of those named in the statute. In other words, that if Reuben G. Osgood on the 28th day of May, was the de facto road commissioner or highway surveyor, that notice to him would be sufficient. Now, you see, it becomes, necessary for me to explain what I mean by the use of that word. I do not instruct you that Reuben G. Osgood was the highway surveyor, or was the de facto highway surveyor at that time. That is a question of fact, if there is any dispute about the facts, for you to pass upon.

"By this term I mean this : A person, who, although not regularly elected or appointed in strict conformity to the requirements of the law, yet has some color of title or right to the office and claims to hold it and performs its duties with the knowledge and acquiescence of the electing or appointing power, so that as to the public such person is held out as a lawful officer.

"And I instruct you that if Reuben G. Osgood was a de facto officer within the meaning of this instruction, which I have given you, then that notice to him would be in compliance with the statute which I have referred to and read.

"I do not mean by this that it is sufficient for a person simply to be acting as an officer, without any right or authority, to assume to be an officer merely because he takes the idea into his head, without the knowledge or the acquiescence of the appointing power of the community. Mere acting as a highway surveyor in and of itself is not sufficient, but it is one of the steps and requisites which help to show whether or not a person was a de facto officer within the meaning of this instruction. And further, if Mr. Reuben G. Osgood, prior to the 28th day of May, was appointed verbally by the selectmen of the town of Surry, either to fill a vacancy or otherwise, and if he then and there or afterwards attempted to qualify himself by taking the oath of office, and then did claim to hold the office of highway surveyor, did perform its duties, did take direction of the work of repair upon the highways within the limits of his territory, held himself out and was permitted and allowed to hold himself out by the selectmen of Surry as the lawful incumbent of that office, then I say that he would be a de facto officer, and the town would be estopped from saying that he was not such an officer to whom the statutory notice might be given.

"I do not know that there is any question about the facts in regard to Reuben G. Osgood's position. There is question about the law raised by the counsel for the defense. I have given it to you and it is your duty to take it for the purposes of this trial."

The defendants contended that the fourteen days' notice of the injury required by the statute was not shown.

The evidence disclosed that the injuries were received on May 30th, 1894. On June 12th, 1894, the plaintiff mailed a notice, sufficient in form to comply with the statute, directed to E. H. Torrey, chairman of selectmen, South Surry, Maine. Torrey was chairman of the selectmen. This notice was mailed at Bluehill on June 12th, and by the regular and ordinary course

of the mail would have reached South Surry on the 13th. The evidence tended to show that the notice did reach the post-office at South Surry on the 13th. But the notice was not received by Mr. Torrey, or any other town officer, until June 14th. The South Surry post-office was three miles from the residence of Mr. Torrey, the chairman of the selectmen, and was the post-office in the town nearest his residence. But the "Surry" post-office, a half a mile further from his residence, was his regular post-office address.

At the time of mailing the notice, the plaintiff did not know Mr. Torrey's post-office address and made inquiries concerning it, and as a result of information received, directed his notice to "South Surry," as the post-office nearest his residence. No reason was shown why the notice could not have been given earlier.

No other fourteen days' notice of injury was shown. Upon this point the presiding justice instructed the jury as follows :

"It is admitted, there is no dispute about it, that upon the 12th day of June, which was within the fourteen days, Mr. Chase mailed a notice sufficient in form and as required by this statute. The form of the notice is not questioned; or that it specified the nature and location of the defect and the nature of the injuries. That was mailed on the 12th day of June, and I give you for the purposes of this trial this instruction :

"That if this notice was mailed by Mr. Chase at such a time that by the usual and ordinary course of mail it would reach a post-office in the town nearest to the municipal officer to whom it was directed, that that would be a sufficient performance of the duty required by statute, even if that notice was not received by the municipal officer to whom it was directed or any other municipal officer, until after the fourteen days.

"Now it is not denied that on the 12th day of June this notice was mailed at Bluehill; it is not denied, if I understand correctly, that this was not received by Mr. Torrey, to whom it was directed, until the 14th day of June ; and the 14th day of June would be after the fourteen days after the accident.

"But if it was mailed at Bluehill in season so that by the ordi-

nary and due course of mail it would reach the office to which it was directed, and that office was the nearest one to the place of residence of the municipal officer to whom it was directed, I instruct you that that would be a sufficient compliance. And as to this matter, while there is much question of law between the parties there is no question, as I understand, of facts whatever; and if the law is incorrectly given upon this question the counsel have a method, as I have before said, well known to them whereby it may be rectified."

The verdict was for the plaintiff.

To these rulings and instructions the defendants took exceptions.

*A. W. King*, for plaintiff.

A de facto highway surveyor is an actual highway surveyor; a highway surveyor in fact. So far as his acts, or his occupancy of the office, concern the rights or interests of the public or individuals, he is regarded by the law as the officer he appears and assumes to be, and, with color of title, exercises the duties of. *Brown* v. *Lunt*, 37 Maine, 423 ; *Cushing* v. *Frankfort*, 57 Maine, 541 ; *State* v. *Carroll*, 38 Conn. 449 ; *Hooper* v. *Goodwin*, 48 Maine, 79.

The purpose of the statute in requiring this twenty-four hours' actual notice to be proved is to restrict rights of action, against towns for damages for such injuries, to cases where the person or persons, whose duty it is to keep highways in safe condition have with knowledge of a defect, neglected their duty for at least twenty-four hours.

Osgood was the man whose duty it was to keep this road in repair. He had knowledge of the defect twenty-four hours before the injury. The town could have been no more protected, if his appointment had been in writing instead of verbal, had he been a de jure instead of a de facto officer.

Counsel also cited : Dill. Mun. Corp. §§ 275, 531 n, 892 n ; R. S., c. 3, § 14; *Belfast* v. *Morrill*, 65 Maine, 580.

Fourteen days' written notice : The primary object of the statute was to limit the time when the claimant should make the detailed statement rather than the time of its receipt by the

specified officer.  The legislature provided first that the claimant, within the fourteen days, should "notify" the required officers, and it then provided the manner or means of notice, viz: "by letter or otherwise, in writing." When the legislature fixed the manner and means of the notice to be "by letter," it intended that the term "letter," should have its usual and generally accepted signification, to wit, a communication by mail in the ordinary way.

Words are to be understood as used in their customary signification, unless from the context a different meaning is apparent. *Union Ins. Co.* v. *Greenleaf.* 64 Maine, p. 129.

The entire expression "by letter or otherwise, in writing" shows that the term "letter" as used there imports something more than a mere writing, else why the expression "or otherwise in writing."

Our contention is that the legislature imposed upon a claimant for damages, as a condition precedent to his right of action against the town, the duty, within fourteen days after his injury, of setting forth his claim for damages and specifying the nature of his injuries and the nature and location of the defect which caused such injury, and of sending that detailed statement by mail as a letter properly directed to the specified officer.

The regularity and safety with which letters are transported by the mails are such that the law raises a presumption that they are duly received by the person to whom they are properly addressed and sent.

It was competent for the legislature to provide, as the means of sending the notice in such cases as this, the mail.  Publication is very commonly provided by the legislature as a means of notice.  There is more certainty that a person will actually receive a notice sent by mail than that he will have actual notice of a publication.

If the provision had been that the claimant should notify the specified officer by a certain statement in writing "sent by mail" it would not be contended that proof should be required that the statement sent was actually received within the time.

The language of the statute should be construed to mean

nothing more than that the letter, containing the proper statements, should be sent properly addressed by mail within the time.

*L. B. Deasy*, for defendants.

SITTING: PETERS, C. J., FOSTER, HASKELL, WHITEHOUSE, STROUT, JJ.

FOSTER J. This was an action for an injury to the plaintiff's horse alleged to have been caused by a defective highway in the defendant town.

The verdict was for the plaintiff and the town brings the case before the law court on two exceptions.

I. The first relates to the instruction given to the jury in relation to the twenty-four hours' actual notice to a highway surveyor acting by appointment as an officer de facto, and not as an officer de jure.

Although this question has been elaborately discussed by the counsel on each side, it becomes unnecessary to consider it here, from the result to which we have arrived in reference to the other exception.

II. No notice of the injury was received by any town officer for more than fourteen days after the accident occurred. It is admitted that the written notice was not received until after the expiration of the fourteen days allowed by statute (R. S., c. 18, § 80) for giving notice to town officers. But the plaintiff contends that he mailed a notice in writing directed to the chairman of the municipal officers of the defendant town, postage prepaid, and properly addressed, within the fourteen days and that such mailing is a legal notification within the purview of the statute, whether actually received by the town officers or not.

Upon this point the presiding justice instructed the jury: " That if this notice was mailed by Mr. Chase at such a time that by the usual and ordinary course of mail it would reach a post-office in the town nearest to the municipal officer to whom it was directed, that that would be a sufficient performance of the duty required by statute, even if that notice was not received by the municipal officer to whom it was directed, or any other municipal officer, until after the fourteen days."

As a condition precedent to the plaintiff's right to recover, the statute of the State declares that he shall within fourteen days after the injury notify the municipal officers of the town "by letter or otherwise, in writing," setting forth his claim for damages, and specifying the nature of his injuries and the nature and location of the defect which caused such injury.

Was the mailing of the notice, which was within the fourteen days, and its reception after fourteen days, from the time of receiving the injury, a compliance with the statute?

We think it was not.

The statute expressly provides the time in which such notice may be given, and also the manner of giving it. The time is fixed by the words "within fourteen days thereafter." The manner is determined by the words, "by letter or otherwise, in writing." The words "by letter," etc., relate to the manner and not to the time of giving notice.

The duty imposed by statute upon the party injured is to "notify" one of the municipal officers of the town, and this duty is imperative if he seeks to recover of such town. It is not directory, but mandatory. To "notify" is "to make known." The statute requires that the municipal officers should have information, or knowledge within the time stated. It requires the party injured to communicate that information, or knowledge; and it is not enough for him to write a notice, however formal; it is not enough for him to mail it, even within the fourteen days. The writing and mailing a notice within the time is not notifying the officers of the town as the statute requires.

True, the deposit of a letter, properly addressed and stamped, in the post-office, may be prima facie evidence of its receipt by the addressee by due course of mail, for the law assumes that government officers do their duty. *Huntley* v. *Whittier*, 105 Mass. 391; *Rosenthal* v. *Walker*, 111 U. S., 185, 193; *Briggs* v. *Hervey*, 130 Mass. 186; although this doctrine is limited by some decisions to matter expressly authorized by statute, or to the law merchant. *Groton* v. *Lancaster*, 16 Mass. 110; *Freeman* v. *Morey*, 45 Maine, 50; *Bank* v. *Crafts*, 4 Allen, 447. However that may be, it is immaterial in this case, as it is shown

O

that the notice was not, as a matter of fact, received until after the expiration of the fourteen days, and the rule of presumptive evidence applicable to cases falling within the peculiar doctrine of the law merchant, and those expressly authorized by statute, as in the pauper law, does not apply in the case at bar. *Shea* v. *Mass. Benefit Association*, 160 Mass. 289, 295.

There is some analogy between this case and cases where a demand must be made or notice given. In such cases it is held that merely mailing the demand or notice would not be a communication to the person addressed and would be ineffectual unless it was shown that the same was received. *Castner* v. *Farmers Ins. Co.* 50 Mich. 273, 277.

It is for a wise purpose that the law requires a notice of injury upon the highway to be given the officers of the town. It is to enable the town to investigate the circumstances while the facts are yet fresh in the memory of witnesses, as well as to protect itself by providing for the enforcement of its rights against other parties who may be liable over to the town for causing the defect.

*Exception sustained.*