RAPID MOTOR LINES, INC. *v.* WILLIAM J. COX, HIGHWAY COMMISSIONER

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

236

Argued November 5—decided December 3, 1947

*John J. Kinney, Jr.,* with whom, on the brief, was *Edward L. Reynolds,* for the appellant (plaintiff).

*Morris Tyler,* for the appellee (defendant).

BROWN, J.  This is an action brought under § 1481 of the General Statutes to recover for damage to the plaintiff's truck alleged to have been caused by a defective state highway.  The defendant's demurrer to the complaint was sustained.  Upon the plaintiff's failure to plead over, judgment was rendered for the defendant and the plaintiff has appealed.  The gist of the material allegations of the complaint, as amended, is that on March 27, 1944, the defect in the highway caused damage to the plaintiff's truck and that "on May 26, 1944, the plaintiff sent the defendant a notice . . . in accordance with the provisions of the statute, which notice was received by the . . . defendant, at Hartford on May 27, 1944."  The

defendant demurred on the ground that "the notice required by statute was not received by the defendant until May 27, 1944, which is not within the period of time allowed under the Provisions of section 1481 of the General Statutes."

Section 1481, which authorizes an action against the highway commissioner to recover damages sustained from such a defect, provides that "no such action shall be brought . . . unless notice" of the nature, cause, place and time of the injury "shall have been given within sixty days thereafter to the highway commissioner." Compliance with this requirement as to notice is a condition precedent to recovery by the plaintiff. *Sanger* v. *Bridgeport*, 124 Conn. 183, 187, 198 A. 746; *Shirlock* v. *MacDonald*, 121 Conn. 611, 613, 186 A. 562. In computing the sixty-day period, the day of the injury is excluded and the sixtieth day thereafter is fixed as the final day upon which by the terms of the statute the notice "shall have been given." *Lamberti* v. *Stamford*, 131 Conn. 396, 398, 40 A. 2d 190. Since March 27, 1944, was the date of the accident, the final day for so giving notice in this case was May 26, 1944. The specific question for decision therefore is whether the sending of a notice to the defendant on May 26, 1944, which he did not receive until May 27, 1944, satisfied the requirement of the statute.

One meaning of the verb "give" is "to make over or bestow." Another is "to deliver or transfer; to . . . hand over." The idea of delivery is predominant in other meanings of the word. Webster's New International Dictionary (2d Ed.). It is obvious from the context of the statute that "give" was not used in the former sense. To accord it the latter meaning is the reasonable and natural interpretation, in view of the purpose of the provision, which,

it must be held, is to fix a definite limit upon the time within which notice shall be received by the highway commissioner. Any other construction would give rise to needless and undesirable uncertainty. Under § 1420 of the General Statutes, imposing like liability upon municipalities for defects in highways which they are bound to maintain, the clause "notice . . . shall . . . be given" requires a completed act within the number of days prescribed by the statute. *Lamberti* v. *Stamford,* supra. A fortiori must this hold true under § 1481, in which the legislature resorted to the future perfect tense by its use of the words "shall have been given." It is our conclusion that these words require that the notice shall be delivered to the commissioner within the sixty-day period specified in the statute, and that sending on the sixtieth day a notice which is not received by him until the sixty-first day does not constitute compliance with the statute.

This conclusion finds support in two decisions by the Supreme Judicial Court of Massachusetts— *O'Neil* v. *Boston,* 257 Mass. 414, 153 N. E. 884, and *McCord* v. *Masonic Casualty Co.,* 201 Mass. 473, 475, 88 N. E. 6—which are the only cases that have come to our attention where the wording of the statute is sufficiently similar to afford helpful authority. In another case, however, where the statute required that the claimant "notify" the municipal officers of the town by letter or otherwise in writing, the court impliedly, at least, supports our conclusion by using this language: "The statute expressly provides the time in which such notice may be given, and also the manner of giving it. . . . The duty imposed by statute . . . is to 'notify' one of the municipal officers. . . . To 'notify' is 'to make known.' . . . The writing and mailing a notice within the time is

not notifying the officers of the town as the statute requires." *Chase* v. *Surry,* 88 Me. 468, 475, 34 A. 270.

The plaintiff has cited no authority for its contention. It argues, however, that the analogy of the rule in contracts that the mailing of an offeree's acceptance of an offeror's offer may be effective to close a contract is reason for holding that the plaintiff's mailing of the notice here is effective to satisfy the statute. The rule that the deposit in the mail of an acceptance of an offer is ordinarily sufficient is grounded upon the fact that under the particular circumstances acceptance in that manner was in the contemplation of the parties. 1 Page, Contracts (2d Ed.) § 199; 1 Elliott, Contracts, p. 52 et seq.; 1 Williston, Contracts (Rev. Ed.) § 83. In the case of the statute, there is no place for the operation of that rule. Another claim is that the hardship upon a claimant of having its right of action forever cut off so far outweighs any detriment to the state from a slight delay in notice that the liberal construction urged should be adopted. Even if this were so, it is to be remembered that, unlike the statutes in some other states, the statute in question simply provides for an action on the statute to enforce a penalty and that therefore no rights not specifically bestowed by its terms should be created by implication. *Bartram* v. *Sharon,* 71 Conn. 686, 692, 43 A. 143. Finally, the plaintiff suggests that *Lamberti* v. *Stamford,* 131 Conn. 396, 400, 40 A. 2d 190, indicates that the notice here, received a day after the expiration of the sixty days specified in the statute, was in time. The majority opinion in that case merely holds that where the last day of the prescribed period for giving notice falls upon a holiday the giving of notice on the next day is a sufficient compliance with the statute, for to hold otherwise "practically . . . would be

to cut down the time permitted for giving the notice from ten to nine days." Manifestly, this does not apply to the situation in the instant case.

There is no error.

In this opinion the other judges concurred.