**MALONEY v. WALLER et al.**

Court of Appeals of Kentucky.

Oct. 9, 1953.

Delmer D. Howard, Virgil Fowler, Lexington, for appellant.

W. Rodes Clay, Lexington, for appellees.

SIMS, Chief Justice.

S. M. Maloney, doing business as Maloney Lumber Company, brought this action against America L. Waller and Harlan Kearns to recover from Kearns $230.53 in building materials sold him, which he used in repairing Mrs. Waller's house; and to assert a lien in that sum upon her real estate described in the petition. Default judgment was rendered against Kearns, but the court in a clear and concise opinion sustained a general demurrer to the petition seeking to assert a lien against Mrs. Waller's property because the petition as amended averred the notice required by KRS 376.010(3) was mailed to her on the 34th day after appellant furnished the last item used in repairing the house, and the notice was received by Mrs. Waller on the 36th day after this item was furnished. From the judgment entered January 26, 1952, dismissing the petition as to Mrs. Waller, this appeal is prosecuted.

The question for determination is, whether the materialman met the requirements of KRS 376.010(3) by mailing the written notice to the property owner within 35 days after the last item was furnished, or whether the statute requires that the notice be actually received by the property owner within the 35-day interim.

It is said in briefs that this question has never been determined by this court and our hurried research does not disclose that it has.

KRS 376.010(3) reads:

"No person who has not contracted directly with the owner or his agent shall acquire a lien under this section unless he notifies in writing the owner of the property to be held liable or his authorized agent, within thirty-five

days after the last item of material or labor is furnished, of his intention to hold the property liable and the amount for which he will claim a lien. It shall be sufficient to prove that the notice was mailed to the last known address of the owner of the property upon which the lien is claimed, or to his duly authorized agent within the county in which the property to be held liable is located."

Appellant insists that part of the statute reading: "It shall be sufficient to prove that the notice was mailed to the last known address of the owner * * *, or to his duly authorized agent * * *," is complied with if the notice is mailed within 35 days, and it is no concern of the seller of the material if the notice is not received by the owner until after the 35-day period. With this we cannot agree. The statute clearly puts on the seller the duty of notifying the owner within the 35-day period, and the words just above quoted permit the seller to make a prima facie case by proving that he gave the notice by mailing it within 35 days. But certainly the property owner may refute such evidence by showing the notice was not received within the 35-day period.

Here, we must not forget the pleadings show that while the notice was mailed within the 35-day interim, it was not received by the owner until the 36th day. As said by Hon. Chester Adams, the learned trial judge:

"The only way that notice given by letter mailed upon the 35th day could possibly be construed to be notice to the defendant would be upon the theory that the post office was the agent of the defendant. The Statute does not make the post office the agent of the defendant, but when plaintiff elects to send his notice by mail he makes the post office his agent.

"The notice might be mailed upon the 35th day and reach the defendant the same day. On the other hand, if the notice is mailed on the day before Sunday or a holiday the notice might not reach the defendant in regular course until several days after the time for notice had expired."

Chase v. Surry, 88 Me. 468, 34 A. 270, and O'Neil v. City of Boston, 257 Mass. 414, 153 N.E. 884, cited in Judge Adams' opinion, are quite similar to the instant case, although the statutes they construe are not identical with the one before us. The Maine statute in the Chase case required that the injured person notify in writing the officers of the municipality within 14 days after his injury if he desired to claim damages. There, the notice was mailed within 12 days but not received by the municipal officers until more than 14 days after the injury, and it was held the statutory requirement as to notice was not met. In the O'Neil case it was held that a notice mailed on the tenth day after the injury did not comply with the 10-day requirement of the statute where the notice was not received by the municipality until 11 days after the injury.

Appellant attempts to distinguish these cases from the one at bar on the ground that these foreign statutes do not recite, as does our statute, "It shall be sufficient to prove that the notice was mailed to the last known address of the owner * * * or to his duly authorized agent * * *." As said in the forepart of this opinion, this provision in our statute merely points out how the seller may make a prima facie case as to the giving of the notice, which can be rebutted by the property owner showing the notice was not received within the time provided by statute.

The judgment is affirmed.

It may be well to mention that the judgment in the instant case was entered before KRS 376.010(3) was amended in 1952 increasing the time of the required notice from thirty-five to seventy-five days.