JOSEPH SZCZESNY AND STELLA SZCZESNY, PLAINTIFFS,
v. ANNA VASQUEZ, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided December 29, 1960.

*Mr. James F. Patten* argued the cause for plaintiffs (*Messrs. Patten & Pryga,* attorneys).

*Mr. Morgan R. Seiffert,* attorney for defendant.

KALTEISSEN, J. C. C. (temporarily assigned). A notice of application for an order for payment of judgment out of the Unsatisfied Claim and Judgment Fund in the above case was returnable and argued before me. An order for consolidation had previously been filed, consolidating the Superior Court case of Joseph Szczesny and Stella Szczesny against Anna Vasquez and a District Court case of Anna Vasquez against Joseph Szczesny. These cases were tried before a Middlesex County jury and a judgment was rendered by the jury in favor of the plaintiff Joseph Szczesny for the sum of $3,500 and in favor of the plaintiff Stella Szczesny for the sum of $5,000, with costs against the defendant Anna Vasquez, and a judgment in favor of the defendant Joseph Szczesny against the plaintiff Anna Vasquez of no cause for action in the District Court case.

Briefs were submitted on behalf of the plaintiffs and defendant and oral argument was heard in the matter. The sole question to decide was whether the Fund received a notice of intention of the plaintiff to make a claim against the Fund within the 90-day period, as provided by *N. J. S. A.* 39:6–65. A careful search was made of the Security Responsibility Section of the Division of Motor Vehicles by Kay Urkin, General Clerk of the Division, who was employed exclusively to handle notice of intentions to make claim against the Unsatisfied Claim and Judgment Fund,

and by W. Lewis Bambrick, Manager of the Unsatisfied Claim and Judgment Fund Office in the presence of Mr. Pryga, attorney for the plaintiffs. The exhaustive search failed to disclose the filing of the notice until March 25, 1958, the accident having happened on July 31, 1957. It will be observed that this was approximately 7 months and 25 days after the happening of the accident.

An affidavit was filed by Zenia B. Citsay, secretary of the law firm of Patten & Pryga, who represented the plaintiffs, in which she sets forth that a notice of intention to make claim under the Unsatisfied Claim and Judgment Fund Law was mailed on August 20, 1957. Mr. Pryga also said that the notice was sent by regular mail, as set forth in the affidavit of his secretary, Zenia B. Citsay.

A hearing was held before me, in addition to the oral argument and briefs, at which hearing Mr. Pryga testified that the notice had been mailed on August 20, 1957. It is not necessary to determine the credibility of either Mr. Pryga or his secretary. Certainly, a member of the Bar and his secretary would not make any false statements and, assuming their testimony to be true, the question to be decided is whether or not it is essential for the claimant to verify receipt of notice. It will be noted that the New Jersey statute does not describe the method of giving the Fund notice, so that the mailing of notice by ordinary mail would be sufficient, if received. The mailing of notice, of course, of itself is not proof of receipt.

In the recent New Jersey case of *Delaware Twp. v. Neeld,* 52 *N. J. Super.* 63 (*App. Div.* 1958), the question of statutory construction of *N. J. S. A.* 54:1–35.4 involved the same question as presented here excepting that it referred to a required notice in connection with the Division of Tax Appeals. In that case, Judge Goldmann states (52 *N. J. Super.,* at *p.* 68) :

"* * * Suppose, as an extreme example, that the complaint mailed * * * had been lost in the mails and finally delivered

months later * * *. Were plaintiff's contention to prevail, the entire administrative procedure set up for orderly review * * * would be destroyed.

Absent a specified method by which a complaint or appeal may be 'made' or 'taken' within a specified period of time, some type of notice must be effected by the receipt or filing of a document communicating to the reviewing authority that relief is being sought."

*N. J. S. A.* 39:6-65 provides:

"* * * As a condition precedent to the right thereafter to apply for payment from the fund, give notice to the board * * *"

It is the opinion of the court that the Board must receive the notice within the time limitation and that the mere mailing of the notice is not sufficient to satisfy the statute and that there must be some proof that the Board actually received the notice. The record in the present case is devoid of any such evidence.

The Attorney General of the State of New Jersey in an opinion dated July 6, 1955, stated that,

"Where a statute requires a notice to be given within a certain number of days after a certain event, the notice must be actually received, and not merely mailed within the prescribed period of time."

and cites *Chase v. Inhabitants of Surry,* 88 *Me.* 468, 34 *A.* 270 (*Sup. Jud. Ct.* 1896) ; *Poetz v. Mix,* 7 *N. J.* 436 (*Sup. Ct.* 1951); *Rapid Motor Lines v. Cox,* 134 *Conn.* 235, 56 *A.* 2d 519, 175 *A. L. R.* 296 (*Sup. Ct. Err.* 1947), and *O'Neill v. City of Boston,* 257 *Mass.* 414, 153 *N. E.* 884 (*Sup. Jud. Ct.* 1926).

After considering the briefs submitted by counsel, the hearing held in connection with the matter and the oral argument, it is the opinion of the court that the Unsatisfied Claim and Judgment Fund Board may not accept as timely notice under *N. J. S. A.* 39:6-65 a notice which was not received by the Unsatisfied Claim and Judgment Fund Board until approximately 7 months and 25 days

after the accident which, of course, was far beyond the 90-day requirement of notice.

The application for an order for payment of the judgment out of the Unsatisfied Claim and Judgment Fund is denied.