[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
I.
Introduction
The plaintiff has brought a summary process action seeking possession of the premises now occupied by the defendants for nonpayment of rent. The subject premises at 16B Windsor Street, Enfield, Connecticut are leased under the Section 8 Existing Housing program. The defendants have filed the instant motion to dismiss arguing first that the plaintiff failed to comply with applicable federal regulations and the parties' lease in serving notice on the Enfield public housing authority and that second, the plaintiff failed to allege the service of said notice in his complaint.
 II.
Discussion
 A.
In Jefferson Garden Associates v. Greene, 202 Conn. 128,143 (1987), our Supreme Court stated that "before a landlord may pursue its statutory remedy of summary process. . ., the landlord must prove its compliance with all the applicable preconditions set by state and federal law for the termination of a lease." The defendants herein argue that the plaintiff failed to comply with 24 C.F.R. § 882.215 (C)(4) and subsection CT Page 8462 9(B) of the lease which state, in part, that "[t]he owner must notify the PHA in writing of the commencement of procedures for termination of tenancy, at the same time that the owner gives notice to the family under State or local law." At the October 1, 1991 hearing, the plaintiff testified that notice was sent to the PHA on August 12, 1991, the date the notice to quit was served on the defendants. The parties stipulated that the PHA did not receive the notice until September 9, 1991. That date is, of course, both after the August 22, 1991 date to quit possession and the August 31, 1991 return date of this action.
The plaintiff maintains that his mailing of the notice fulfills the requirements of both the lease and the federal regulations. The defendants argue that it is the receipt of the notice which controls — not the act of mailing. In DeFloria v. Crooks, SPN-08803-07038, Judicial District of Stamford/Norwalk, May 20, 1988 (SNBR-310), Judge Riefberg granted a motion to dismiss where the plaintiff did not notify to PHA until five weeks after the service of the Notice to Quit (which was coincidentally the same date as the return date.) The tenant, Ms. Crooks, was a Section 8 tenant with a lease that contained a similar provision to that in the present case.
Judge Reifberg found that the failure to give proper timely notice was a jurisdictional defect noting "[i]t appears that the intent of the federal regulatory scheme in requiring notice to the PHA was to permit the Housing Authority to mediate potential disputes between landlord and tenant and preserve the housing subsidy for the tenant if at all possible." He found that sending the notice well after the service of the notice to quit "hardly serves this purpose." The present case is not all that different — in fact, it may be worse. The notice in this case was not received until ten days after the return date.
Our summary process laws provide for expedited judicial proceedings. The complaint, which can be issued at the expiration of eight days after the service of the notice to quit is returnable to court in six days. General statutes47a-23a. If the defendant does not appear within two days after the return date, the plaintiff may move for judgment forthwith. General Statutes 47a-26. If the defendant appears but fails to plead within three days after the return date, again the plaintiff may move for judgment. General Statutes47a-26a. Pleadings are advanced in three day periods. General Statutes 47a-26c. In this case, had the defendant not responded promptly, judgment could have been obtained prior to the notification to the PHA.
Plaintiff suggests that the "mail box rule", i.e. notice CT Page 8463 is deemed given when mailed, should control. That notion which stems from Adams v. Lindsell, 1 B + Ald 681 (1818) is applicable to contract situations but is not applicable here. Neither the federal regulations nor the lease specify that such notice may be given by simply mailing the notice. See, Tucker v. Connecticut Ins. Placement Facility, 192 Conn. 653, 660
(1984).
Our concern is actual notice. A notice to quit for instance is not effective until served. Bushnell Plaza Development Corp. v. Fazzano, 38 Conn. Sup. 683, 686 (1983). And, of course the manner of service for actual notice is important. See, Clover v. Urban, 108 Conn. 13, 17 (1928). In discussing the required notice for a public hearing on a zone change, our Supreme Court has noted that the notice was sufficient if the plaintiffs "were fully and fairly advised of their opportunity to be heard on specific matters; this it might be added is the fundamental reason for any requirement of notice. Winslow v. Zoning Board, 143 Conn. 381, 389 (1956). In Rapid Motor Lines Inc. v. Cox, 134 Conn. 235, 238 (1947), the court discussed the terms "notice" and "notify" and rejected the mailbox rule argument for delivery of notice where required by statute. Sending notice during the statutory time period that was received after the time period was held to be insufficient notice. The court noted that "[t]he writing and mailing a notice within the time is not notifying. . . . Id., 238 citing Chase v. Surry, 34 A. 270, 272 (1896).
The American Heritage Dictionary of the English Language defines "notify" to mean "to give notice to (someone); inform and to make known." The PHA can hardly mediate a dispute, preserve a subsidy or protect the government's investment in the subsidy payment if it is not informed of the notice to quit. In another Section 8 case, Saucier Realty Company v. Miclon, SPN 801-1035 BR, Judicial District of Hartford/New Britain, February 28, 1980 (H-198), Judge Spada, in discussing the Section 8 program and the obligation to comply with applicable federal regulations, noted that "the regulations are equitably balanced between the adversaries" and that "the judicious use of these regulations by landlords will cause little inconvenience or disruption to an eviction complaint." This court is in agreement and notes that the burden of providing notice is not a difficult one. In this case the landlord unsuccessfully gambled that the PHA would receive the notice in due course. It did not and this defect means that he has not complied with 24 C.F.R. § 882.215 (c)(4) and subsection 9 of the lease.
B. CT Page 8464
The defendants' second argument concerns a challenge to the complaint for failure to allege notification to the PHA. See East Hartford Estates v. Booker, SPH 8204-14487, Judicial District of Hartford/New Britain, August 13, 1982 (Maloney, J.). Inasmuch as the plaintiff has failed to comply with the federal notice requirement previously discussed, the court need not address this issue.
 III.
Conclusion
The plaintiff having failed to properly notify the PHA, the defendant's motion to dismiss is granted.
BERGER, J.