[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON SUMMARY JUDGMENT MOTION TO THE FIRST COUNT
The plaintiff, Sylvio Mainolfi, sues for injuries received while traveling on an allegedly defective state highway in Derby. In his three count complaint, the plaintiff sues the State under General Statutes 13a-149 and the Ansonia/Derby Water Company. CT Page 5056
The State moves for summary judgment as to count one, the only count directed at it. The pleadings are closed between the plaintiff and the State. The State has filed a memorandum of law and an affidavit. The plaintiff has not filed a response to the motion.
The State argues in support of summary judgment that the I plaintiff filed notice of his claim against the State more than 90 days after the injury occurred and that, therefore, the plaintiff is barred from suing the State.
In Count One of his complaint, the plaintiff alleges that he was injured on October 26, 1989, and that he gave notice to the defendant on January 25, 1990. The defendant submits the affidavit of the senior clerk in the transportation commissioner's office who attests that notice was received on January 25, 1990.
It is clear that notice was filed on the ninety-second day after the occurrence. General Statutes 13a-144 provides that notice must have been given to the commissioner within 90 days of the occurrence.
"Compliance with this requirement as to notice is a condition precedent to recovery by the plaintiff." Rapid Motor Lines, Inc. v. Cox, 134 Conn. 235, 237, 56 A.2d 519 (1947). Notice must have been given to the proper official by the ninetieth day. Id., 238.
The plaintiff has failed to give timely notice to the State. It is therefore found that the State is entitled to summary judgment as a matter of law.
So entered.
WILLIAM McGRATH, J.