[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE CLAIMS BROUGHT PURSUANT TO HIGHWAY DEFECT STATUTE
On September 22, 1992, the plaintiffs, Randall and Patricia Johnston, filed a four count complaint against the defendants, Mowhawk Northeast, Inc. and Emil H. Frankel, Commissioner of Transportation of the state of Connecticut. Count one of the complaint alleges that on August 30, 1990 the plaintiff, Randall Johnston, struck a retread tire tread carcass while traveling across the Moses Wheeler Bridge in Milford, Connecticut, and that as a result of the collision, he sustained severe, painful and permanent injuries. The plaintiff further alleges that the defendant, Mowhawk Northeast, Inc. (hereinafter "Mowhawk"), was negligent for causing the retread tire tread carcass to be flung onto the highway, for failing to remove it from the highway and for failing to warn approaching drivers of the danger. The plaintiff finally alleges that at the time of the collision, Mowhawk was performing construction work on the Moses Wheeler Bridge. Count two of the complaint alleges that the plaintiff, Patricia Johnston, has suffered, and in the future will continue to suffer, the loss of consortium and companionship of her husband Randall. Count three of the complaint alleges negligence on the part of the defendant, Emil H. Frankel, Commissioner of Transportation of the State of Connecticut (hereinafter "the State"), under the same set of facts listed in count one. CT Page 1048 Count four of the complaint alleges that the plaintiff, Patricia Johnston, has suffered, and in the future will continue to suffer, the loss of consortium and companionship of her husband Randall, because of the negligence of the State.
The plaintiffs claim money damages, costs and such other relief as law and equity allow.
On November 9, 1992, the defendant, the State, filed a motion to strike counts three and four of the complaint for failure to state a cause of action upon which relief can be granted. Pursuant to Practice Book 155 the State also filed a memorandum of law in support of its motion to strike. The motion to strike is unopposed by the plaintiffs.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). It "admits all facts well pleaded; [but] does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Id. "Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint. . .or of any one or more counts thereof. . .that party may do so by filing a motion to strike. . . ." Practice Book 152. "[A]n adverse party who objects to the motion [to strike] shall have five days before the date the motion is to be considered on the short calendar to file and serve a memorandum of law." County Federal Savings and Loan Association v. Eastern Associates, 3 Conn. App. 582, 585,491 A.2d 401 (1985). "Although a timely opposing memorandum is required;" Fitzpatrick v. East Hartford B.P.O. Elks,3 Conn. L. Rptr. 163, 164 (January 25, 1991, Clark, J.); "the failure to. . .file an opposing memorandum will not necessarily be fatal. . . ." Olshefski v. Stenner, 2 Conn. L. Rptr. 477, 478 (September 27, 1990, Clark, J.).
The State argues that count three of the plaintiffs' complaint must be stricken because the allegations of that count show that the plaintiff, Randall Johnston, has failed to meet a condition precedent for bringing his action against the sovereign state, since he did not give the statutory notice within the ninety day time period.
As previously mentioned, the plaintiffs filed nothing in opposition to the defendant's motion to strike. CT Page 1049
General Statutes 13a-144 states in pertinent part that, "[n]o action shall be brought. . .unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner." (Emphasis added.) "`13a-144 created a cause of action, "wholly unauthorized by the common law." (Citation omitted.)' Kuchinski v. Burns, 23 Conn. App. 198, 200, 579 A.2d 585 (1990), quoting Zotta v. Burns, 8 Conn. App. 169, 173, 511 A.2d 373
(1986). Consequently, it "must be strictly construed." Merola v. Burns, 21 Conn. App. 633, 638, 575 A.2d 1025 (1990). "The ninety day notice provision. . .is clear and ambiguous. The plaintiff must give the commissioner notice within ninety days of the date of the injury in order to maintain an action under the statute." (Emphasis added.) Warkentin v. Burns, 223 Conn. 14,21, ___ A.2d ___ (1992). "[This] notice requirement. . .is a time limitation and as such is a condition precedent to maintaining an action under the statute." Kuchinski v. Burns, supra, 200-201.
"The purpose of the statutory notice is to give the commissioner sufficient information to permit him to make proper inquiry and investigation in order to protect his interest, and to give him a reasonable guide to such inquiry and investigation as he is helpful for his protection." Merola v. Burns, supra.
In the present case, the plaintiffs allege that their cause of action arose on August 30, 1990. They further allege in count three of the complaint, that statutory notice was not communicated to the State until November 30, 1990. In Rapid Motor Lines, Inc. v. Cox, 134 Conn. 235, 56 A.2d 519 (1947), the Supreme Court analyzed the predecessor statute to 13a-144, which had a sixty day limitation period: "In computing the sixty day period, the day of the injury is excluded and the sixtieth day thereafter is fixed as the final day upon which by the terms of the statute the notice `shall have been given.'" Id., 237, quoting Lamberti v. Stamford, 131 Conn. 396, 398,40 A.2d 190 (1944). The court further held that "sending on the sixtieth day a notice which is not received by him until the sixty-first day does not constitute compliance with the statute." Id., at 238.
In applying the reasoning of Rapid Motor Lines, supra, to the present case, it is apparent that the communication of written notice on November 30, 1990, ninety-two days after the CT Page 1050 date of the injury, does not constitute compliance with the statute. Accordingly, count three of the complaint is stricken.
The defendant also argues that count four of the complaint fails to state a valid cause of action. The defendant argues specifically that: (1) if the plaintiff, Patricia Johnston, can prevail at all she must do so within the parameters of 13a-144; (2) since she was not a "traveler" on the roadway, her loss of consortium claim should be stricken; and (3) she neither recited nor annexed the statutory notice allegation to count four as required by Practice Book 185.
With respect to the defendant's first argument, "[w]here notice of the plaintiff['s]. . .loss of consortium claim was not provided within ninety days, as required by C.G.S. 13a-144, the motion to strike that count must be granted." Murray v. Commissioner of Transportation, Superior Court, judicial district of New Haven, Docket No. 320060 (March 13, 1992).
With respect to the defendant's argument our courts have held that "loss of consortium damages are not recoverable in an action brought pursuant to the defective highway statute. Lacasse v. Burns, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 347170 (March 17, 1992). In Sanzone v. Board of Police Commissioners, 219 Conn. 179,592 A.2d 912 (1991), the Supreme Court held:
 [I]n providing that `no cause of action' shall be maintained in nuisance or negligence that might be brought under the highway defect statute, the legislature eliminated the victim's spouse's right to recover for loss of consortium, but permits recovery only by the injured `traveler.'
Id., 198-99.
Inasmuch as claims for loss of consortium are not recoverable in an action brought pursuant to 13a-144, this court strikes count four of the complaint, and finds no need to address the third argument.
CLARANCE J. JONES JUDGE CT Page 1051