[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Commissioner of Transportation moves for summary judgment on the ground that the notice provided by the plaintiff in his highway defect claim was untimely. CT Page 10892
This is the second occasion on which the defendant has raised the claim that the notice provided was defective as a matter of law. By a motion to strike, the defendant claimed that the plaintiff had failed to identify in the notice required by 13a-144
C.G.S. a claim of damage sustained within ninety days of the giving of notice to the Commissioner.
The court, Dorsey, J., denied the motion to strike without issuing a memorandum of law. It is not clear whether, at the time of this ruling, the court had been furnished with a copy of the notice.
In its motion for summary judgment, the defendant again argues that the notice was untimely as a matter of law. The defendant points out that the notice, which is dated February 8, 1989, does not identify the precise date on which the plaintiff claims his property was damaged by reason of a pot hole, but states that the damage occurred "back in the beginning of November 1988." The complaint alleges that the loss took place on November 10, 1988. The defendant claims that the notice, though dated February 8, 1989, was not received until February 16, 1989. He has provided an affidavit to the effect that documents are date-stamped at the defendant's office upon receipt.
In a counter-affidavit, the plaintiff asserts that the loss occurred on November 10, 1988 and that he mailed the notice on February 8, 1989. He argues that it is not usual for mail to take eight days to travel between New Haven and Wethersfield. He further points out that the copy of the notice attached by the defendant to his motion contains, in addition to the date stamp for February 16, 1989, another date stamp that has been crossed out. This second date stamp is not wholly legible. It includes the words "Commissioner's Office" and "Claims Division" and the year 1989, however the month and day are indistinct. The court cannot determine whether it says "Feb. 10" or "Feb. 16." Both dates, however, are more than ninety days after November 10, 1988. The ninetieth day was, in fact, February 8, 1989.
Section 13a-144 C.G.S. provides that no action for damages to person or property resulting from a claimed highway defect "shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the causes thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter CT Page 10893 to the commissioner."
The plaintiff has filed no brief and apparently does not argue that notice is "given" upon mailing, rather than upon receipt.
In Rapid Motor Lines, Inc. v. Cox, 134 Conn. 235, 237 (1947) the Supreme Court ruled that in calculating the notice period as the highway defect statute, the day of the occurrence is to be excluded. The Court stated that a notice mailed on the final day of the notice period was insufficient because the operative date for the "giving" of a notice is the date of receipt by the commissioner. id. The ninetieth day after November 10 was February 8. The plaintiff does not claim to have hand-delivered the notice on that date, but states in his counter-affidavit that the notice was mailed on that date.
Noncompliance with the notice requirement of 13a-144 C.G.S., defeats a highway defect claim. Rapid Motor Lines, supra; Kuchinski v. Burns, 23 Conn. App. 198 (1990).
There is no genuine dispute concerning the pertinent facts regarding the date of the loss and the fact that the notice was not received by the Commissioner on or before February 8, the ninetieth day after the claimed date of the loss.
Accordingly, pursuant to 384 P.B., summary judgment shall enter in favor of the defendant.
Beverly J. Hodgson, Judge