[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
FACTS
This action was brought pursuant to Connecticut General Statutes §13a-149 for a slip and fall which allegedly occurred on property belonging to the City of Meriden on October 31, 1998. Attached to the plaintiff's complaint is a copy of the notice, required by Connecticut General Statutes § 13a-149, dated and reportedly mailed to the City Clerk of Meriden on November 3, 1998. [see affidavit of Elton R. Williams, dated January 11, 2001].
The City has filed the affidavit of Robert Homiski, its risk manager, dated January 4, 2001 and the affidavit of Irene G. Masse, its City Clerk, dated June 4, 2001. These comprehensive affidavits lead the court to the conclusion that the notice, which was mailed by first class mail, was not received by the City.
DISCUSSION
The plaintiff objects to the City's motion to dismiss because its motion was not filed within thirty days of the defendant's appearance. This objection is without merit because the City's objection relates to subject matter jurisdiction which may be raised at any time rather than to personal jurisdiction which requires a motion within thirty days.
The plaintiff next claims that whether notice was given to the City Clerk in a timely manner is a question of fact and is an improper question to be decided by a motion to dismiss. Connecticut Practice Book § 10-31 specifically provides that supporting affidavits as to facts not appearing on the record are appropriate for consideration when deciding the grounds for a motion to dismiss.
The Connecticut Supreme Court has consistently held that once an issue of the Court's subject matter jurisdiction is raised, it must be CT Page 1832 immediately acted upon by the court. Gurliaci v. Mayer, 218 Conn. 531,545 (1991). Further, our Supreme Court has concluded that the mail box rule under the law of contracts has no place in the construction of the highway defect statute. Rapid Motor Lines Inc. v. Cox, 134 Conn. 235,237-238 (1947).
The question of whether the plaintiff has complied with the provisions of § 13a-149 goes to the Court's jurisdiction over the subject matter of the action. Novicki v. New Haven, 47 Conn. App. 734, 739 (1998).
The Court concludes that the plaintiff must show that the notice was received by, and not just sent to, the City of Meriden within 90 days of the alleged occurrence. The plaintiff has not provided the court with any evidence by way of affidavit or otherwise that this notice was received by the City of Meriden. Conversely, the City Clerk and the City Risk Manager have provided sworn affidavits which state that no notice was received by the City of Meriden regarding this claim.
For the foregoing reasons, the motion to dismiss for lack of subject matter jurisdiction is granted.
By the Court,
Kevin E. Booth Judge of the Superior Court