[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTIONS TO DISMISS (#128, 130)
 FACTS
CT Page 13468-dd
This complaint alleges that on March 13, 1997, the plaintiff, Mildred Hewlitt suffered injury when she fell as a result of stepping into a hole on the surface of Colman Street created by a water main cover that was uneven with the road surface. Further, the plaintiff alleges that she suffered severe injury to her right knee, twisted her ankle, and suffered mental and emotional distress. The two count complaint alleges in count one the defendant, city of New London (city), breached its statutory duty to the plaintiff by failing to reasonably maintain and inspect Colman Street and to warn the plaintiff of the existing road hazard. The plaintiff alleges that she mailed notice of her claim to the city on June 10, 1997. Count two alleges the defendant, James Sullivan, commissioner of the State of Connecticut's Department of Transportation (commissioner), breached his statutory duty to the plaintiff by failing to adequately maintain and inspect Colman Street and to warn the plaintiff of the existing hazard. The plaintiff alleges that she sent notice of her claim to the commissioner on June 10, 1997.
On March 13, 2000, the city filed an amended answer and a special defense alleging that the plaintiff's claim is barred by General Statutes § 52-584.[1] On March 22, 2000, the commissioner filed an amended answer and a special defense alleging that the plaintiff's claim is barred by General Statutes § 13a-144.[2]
On January 5, 2001, the commissioner filed a motion to dismiss on the ground that the court lacks subject matter jurisdiction because the plaintiff failed to provide timely notice to the commissioner of her accident, as is required by General Statutes § 13a-144. On January 24, 2001, the city filed a motion to dismiss on the ground the court lacks subject matter jurisdiction because the plaintiff failed to provide timely notice of her accident, as is required by General Statutes §13a-149.[3] The city adopted the commissioner's memorandum of law in support of its motion. Both defendants have submitted a copy of the plaintiff's deposition testimony, a copy of the letters that the plaintiff sent to the defendants to give them notice of her claims, and a copy of admissions by the plaintiff. To date, the plaintiff has not filed an objection to the defendant's motions.
On February 20, 2001, the court heard oral argument on the motions to dismiss. On June 18, 2001, the court held an evidentiary hearing.
 DISCUSSION
"The motion to dismiss shall be used to assert . . . lack of CT Page 13468-de jurisdiction over the subject matter. . . ." Sadloski v. Manchester,235 Conn. 637, 646 n. 13, 668 A.2d 1314 (1995). "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." Figueroa v. C SBall Bearing, 237 Conn. 1, 4, 675 A.2d 845 (1996). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Castro v. Viera, 207 Conn. 420, 429, 541 A.2d 1216
(1988).
The city has moved to dismiss count one on the ground that the court lacks subject matter jurisdiction because the plaintiff failed to give notice to the city within the ninety day period provided by General Statutes § 13a-149. The commissioner moves to dismiss count two for the same reason.[4]
At first glance, the notices provided to the defendants appear to meet the ninety day period set forth in General Statutes § 13a-149 and § 13a-144. However, both defendants argue that the date set forth in the notice is inaccurate because the plaintiff does not know exactly when the accident occurred and the plaintiff has admitted, in her deposition, that it is more likely that the accident occurred on March 9, 1997, because that is the date the plaintiff told the hospital she was injured during her visit to the hospital for treatment on March 16, 1997. The defendants argue that if the accident occurred on March 9, 1997, the accident occurred ninety three days prior to the date when the plaintiff mailed the notices to the defendants. They argue that because the plaintiff has not satisfied the condition precedent of timely notice, the court lacks subject matter jurisdiction.
"Where . . . a specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period and not thereafter. . . . In such cases, the time limitation is not to be treated as an ordinary statute of limitation, but rather is a limitation on the liability itself, and not of the remedy alone. . . . [U]nder such circumstances, the time limitation is a substantive and jurisdictional prerequisite, which may be raised at any time, even by the court sua sponte, and may not be waived." (Citations omitted; internal quotation marks omitted.)Avon Meadow Condominium Assn., Inc. v. Bank of Boston Connecticut,50 Conn. App. 688, 699-00, 719 A.2d 66, cert. denied, 247 Conn. 946, CT Page 13468-df 723 A.2d 320 (1998).
When interpreting General Statutes § 13a-149, our Supreme Court has stated: "As a condition precedent to maintaining an action under §13a-149, a plaintiff must provide a municipality with notice within ninety days of the accident." Ferreira v. Pringle, 255 Conn. 330, 354,766 A.2d 400 (2001). "[T]he clause `notice . . . shall . . . be given' requires a completed act within the number of days prescribed by the statute." Rapid Motor Lines, Inc. v. Cox, 134 Conn. 235, 237-38,56 A.2d 519 (1947). Where a plaintiff fails "to comply with the notice requirements of § 13a-149, the trial court [lacks] subject matter jurisdiction over the action." Ferreira v. Pringle, supra, 255 Conn. 354.
When interpreting General Statutes § 13a-144, our Supreme Court has stated "[t]he statutorily required notice is a condition precedent to maintaining a cause of action, and if this requirement is not met, no cause of action exists." (Citations omitted; internal quotation marks omitted.) Bresnan v. Frankel, 224 Conn. 23, 26, 615 A.2d 1040 (1992). The words of General Statutes § 13a-144 require that "the notice shall be delivered to the commissioner within the [ninety-day] period specified in the statute, and that sending on the [ninetieth] day a notice which is not received by him until the [ninety-first] day does not constitute compliance with the statute." Rapid Motor Lines, Inc. v. Cox, supra,134 Conn. 237-38.
Because the motions to dismiss raised an issue of fact, the court ordered an evidentiary hearing held on June 18, 2001. Standard TallowCorporation v. Jowdy, 190 Conn. 48, 56, 459 A.2d 503 (1983) (court is required to hold an evidentiary hearing when it must determine issues of fact to decide a motion to dismiss). At the hearing the plaintiff indicated that there was no evidence, other than that otherwise contained in the materials submitted, which would be relevant to the consideration of the issues addressed in these motions. Specifically, it was indicated that the plaintiff has no recollection of the date of the event other than as contained in the materials referred to here. The file contains four items that are relevant to this court's determination: the plaintiff's letters to the defendants providing notice of her claim, the plaintiff's deposition testimony, the plaintiff's answer to a request for admission, and the pleadings.
At her deposition, the plaintiff testified that she did not know exactly when the injury occurred, did not recall how long it was before she visited the emergency room for treatment after the injury, and she had no reason to disagree with her emergency room records which state CT Page 13468-dg that the injury occurred on or about March 9, 1997, instead of the March 13, 1997 date provided in her notices.[5] The plaintiff's answer to the request for admissions is relevant because it states that the plaintiff is "not aware of any evidence by way of testimony of any witness to the incident alleged in the complaint supporting the contention that said incident actually occurred on March 13, 1997. . . ." The pleadings and the notices to the city and state indicate that the accident occurred on March 13, 1997, and notice was given on June 10, 1997, in accordance with the requirements of General Statutes § 13a-144 and § 13a-149.
Once the defendants raised the issue of timeliness of the notice provided to the city and commissioner by the plaintiff, it became the plaintiff's burden to prove that she provided notice to the defendants in a timely fashion. See Fink v. Golenbock, 238 Conn. 183, 199 n. 13,680 A.2d 1243 (1996) ("The plaintiff bears the burden of proving subject matter jurisdiction, whenever and however raised."). In this instance, the transcripts from the plaintiff's deposition reveal that the plaintiff does not know when the injury actually occurred. The plaintiff admits that "it's more likely than not that this accident occurred on or about March 9 rather than the date that's in the complaint of March 13. . . ." (Plaintiff's Deposition, p. 86). The plaintiff has also admitted that she has no other witness who will testify as to the date the accident occurred in both her answer to the defendant's request for admissions and in her deposition testimony.
The plaintiff's reliance on the pleadings and the notices she sent to the defendants alone is insufficient to meet her burden of proof with regard to the jurisdiction of the court in the face of the plaintiff's deposition testimony which reveals she is unsure of when the injury occurred, and states it is more likely that the injury occurred ninety three days prior to the provision of notice to the defendants.
The court, therefore, determines that it lack subject matter jurisdiction and grants each of the defendant's separate motions to dismiss.
Robaina, J.