## ERICA RIVERA *v.* CITY OF MERIDEN
### (AC 21692)

Foti, Schaller and Dupont, Js.

Argued April 29—officially released October 8, 2002

*Conrad Ost Seifert,* for the appellant (plaintiff).

*Lisa K. Titus,* with whom, on the brief, was *Thomas R. Gerarde,* for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiff, Erica Rivera, appeals from the judgment of the trial court rendered after it

granted the motion to dismiss that was filed by the defendant, the city of Meriden. On appeal, the plaintiff claims that the court improperly granted the defendant's motion to dismiss her case.[1] We affirm the judgment of the trial court.

The following facts are relevant to our resolution of the plaintiff's appeal. The plaintiff alleged that she sustained foot and ankle injuries on October 31, 1998, when she fell in a pothole at the intersection of Falcon Lane and Quarry Lane in Meriden. As a result, she gave notice to the defendant pursuant to General Statutes § 13a-149 on November 3, 1998, of her intent to bring an action.[2] The plaintiff's attorney mailed the notice to the defendant's city clerk. The plaintiff then filed a complaint on October 5, 2000, alleging that the defendant had been negligent relative to the alleged defect in the road.

On January 5, 2001, the defendant filed a motion to dismiss the complaint, claiming that the plaintiff had failed to comply with the notice requirements of § 13a-149 and that the court lacked jurisdiction to hear the case. In particular, the motion claimed that the plaintiff had failed to provide the required notice within the ninety day period mandated by § 13a-149. The defendant maintained that it never received the plaintiff's notice. The defendant also provided two affidavits. The first

---

[1] In her statement of issues, the plaintiff lists two issues. They are, however, two arguments that support the plaintiff's single claim that the court improperly granted the motion to dismiss.

[2] General Statutes § 13a-149 provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. . . ."

was from Robert Homiski, the defendant's risk manager, who stated that the town clerk usually forwards to him copies of claim notices and that he never received a copy of the plaintiff's notice. The second was from Irene G. Masse, the defendant's city clerk, who stated that to the best of her knowledge, no notice of claim was received by the city clerk, and that she had reviewed the claim book and that it did not contain any reference to the notice.

On January 17, 2001, the plaintiff filed an objection to the motion and provided an affidavit from her attorney, Elton R. Williams, who stated that he had mailed the notice to the city clerk's office and that the mailing had not been returned. On February 1, 2001, after hearing argument, the court issued a memorandum of decision. The court concluded that "the plaintiff must show that notice was received by, and not just sent to, the [defendant] within ninety days of the alleged occurrence." The court stated that the notice, while having been mailed, had not been received by the clerk's office and that the plaintiff had not provided the court with evidence that the notice actually had been received. The court granted the defendant's motion to dismiss. The plaintiff thereafter filed a motion to reargue, which the court denied. This appeal followed.

The plaintiff claims that the court improperly granted the defendant's motion to dismiss her case. Specifically, the plaintiff asserts two arguments to support her claim. First, she argues that the defendant had the burden of proving nonreceipt of the notice and failed to meet that burden. Second, she argues that § 13a-149 should be liberally construed so as to confer jurisdiction in this case.

At the outset, we note our standard of review for the plaintiff's claim. "Our standard of review of a trial court's findings of fact and conclusions of law in con-

nection with a motion to dismiss is well settled. A finding of fact will not be disturbed unless it is clearly erroneous. . . . [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts . . . . Thus, our review of the trial court's ultimate legal conclusion and resulting [granting] of the motion to dismiss will be de novo. . . . A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Internal quotation marks omitted.) *Henriquez* v. *Allegre*, 68 Conn. App. 238, 242, 789 A.2d 1142 (2002).

The plaintiff first contends that the court improperly granted the motion to dismiss because the defendant had the burden of proving nonreceipt of the notice and failed to meet that burden. We do not agree that the defendant had the burden of proving nonreceipt of the notice. Although the precise question of whether, under § 13a-149, the plaintiff bears the burden of proving actual receipt of notice or the defendant bears the burden of proving nonreceipt has not been decided previously, we conclude that the plaintiff bears the burden of proving delivery and actual receipt of notice.

In reaching that conclusion, we begin with the well settled proposition that a plaintiff bears the burden of proving the allegations contained in the complaint. *Northeast Enterprises* v. *Water Pollution Control Authority*, 26 Conn. App. 540, 543, 601 A.2d 563 (1992). In the present case, the plaintiff's complaint alleged, in addition to other allegations that a plaintiff is required to include under § 13a-149, that "[n]otice was provided to the defendant apprising it of the nature of the plaintiff's injuries, the date and time of the accident and [the] defective road condition as alleged as well as the [intention] of the plaintiff to claim damages pursuant to Connecticut General Statutes Section 13a-149." On

the basis of that allegation in the complaint, the plaintiff was required to prove that notice was provided to the defendant because, according to *Northeast Enterprises*, the allegation of that fact allocated the burden of proof to the party who pleaded that fact.

Having determined that the plaintiff carries the burden of proving that notice was provided to the defendant pursuant to § 13a-149, the next step in our analysis is to determine what is required to provide such notice. We turn to the case law relevant to notice under § 13a-149. In *Brennan* v. *Fairfield*, 255 Conn. 693, 695, 768 A.2d 433 (2001), the plaintiff brought a complaint against the defendant pursuant to § 13a-149. The defendant thereafter sought to dismiss the complaint, claiming that the trial court lacked subject matter jurisdiction because the plaintiff did not provide notice within ninety days of the alleged occurrence. Id., 696. Framing the issue, our Supreme Court sought to determine "whether notice is timely when it is received by a town official on the ninety-second day, under [§ 13a-149], when the municipal office that is authorized to receive the notice is closed on the ninetieth and ninety-first days." Id., 694–95. The *Brennan* court concluded that a plaintiff must be afforded a full ninety days to file notice, and that when the clerk's office is closed on the ninetieth day, notice that is given on the first day thereafter on which the office is open complies with the statute. Id., 698.

In reaching that conclusion, the *Brennan* court stated that the phrase "be given to" in § 13a-149 is susceptible of different interpretations. Id., 702. The court further stated that "[w]e think, however, that the most sensible interpretation of this phrase in the context of the statute affords a claimant ninety days *to deliver notice* to the town clerk's office, which, in turn, must be open *to receive the notice*." (Emphasis added.) Id., 703. In addition to that determination, the court further stated that

its conclusion was consistent with *Rapid Motor Lines, Inc.* v. *Cox*, 134 Conn. 235, 56 A.2d 519 (1947), because the determination "reaffirms that the *delivery of notice requires a completed act, including receipt by the deliveree.*" (Emphasis added.) *Brennan* v. *Fairfield*, supra, 255 Conn. 706.

In *Cox*, our Supreme Court sought to determine whether the sending of notice on the last day of the notice period, which notice was not received by the defendant until the following day, satisfied the notice requirement of the predecessor to General Statutes § 13a-144, the state highway defect statute. *Rapid Motor Lines, Inc.* v. *Cox*, supra, 134 Conn. 237. The court stated that "[o]ne meaning of the verb 'give' is 'to make over or bestow.' Another is 'to deliver or transfer; to . . . hand over.' The idea of delivery is predominant in other meanings of the word. . . . It is obvious from the context of the statute that 'give' was not used in the former sense. To accord it the latter meaning is the reasonable and natural interpretation, in view of the purpose of the provision, which, it must be held, is to fix a definite limit upon the time within which notice shall be received by the highway commissioner. Any other construction would give rise to needless and undesirable uncertainty. *Under [§ 13a-149] of the General Statutes, imposing like liability upon municipalities for defects in highways which they are bound to maintain, the clause 'notice . . . shall . . . be given' requires a completed act within the number of days prescribed by the statute.*" (Citation omitted; emphasis added.) Id., 237–38.

Although *Brennan* addressed a question under § 13a-149 different from the question before us, and *Cox* addressed a different, although similar, statute, we conclude that when those two decisions are considered together, they provide useful guidance in determining what a plaintiff must do to provide notice under § 13a-

149. *Cox* clearly refers to the predecessor of § 13a-149 in its discussion of the predecessor of § 13a-144 and states that the giving of notice under the predecessor of § 13a-149 requires a completed act. The *Brennan* decision then reaffirms the *Cox* conclusion, but does so squarely within the context of § 13a-149. Although *Brennan* addressed a different issue, the court stated unequivocally that the notice pursuant to § 13a-149 requires both delivery and receipt. We are led to the conclusion, on the basis of *Brennan* and *Cox*, that providing notice under § 13a-149 requires a plaintiff both to deliver the notice and to assure that it is received by the defendant within the notice period.

We further conclude that because § 13a-149 requires a plaintiff both to deliver the notice and to assure receipt by the defendant, a plaintiff who alleges that notice was provided to a defendant pursuant to § 13a-149 bears the burden of proving that the notice was delivered and actually received. That burden must lie with the plaintiff because, under our well settled law, a plaintiff must prove the allegations contained in the complaint. Moreover, we conclude that this burden properly is assigned to the plaintiff because, as the Supreme Court alluded in *Rapid Motor Lines, Inc.* v. *Cox*, supra, 134 Conn. 239, an action pursuant to § 13a-149 is not likely to be contemplated by a municipality prior to its receipt of notice. Because the plaintiff is aware of the impending action against the municipality, which cannot fairly be assigned prior knowledge of the action, it is logical to assign to the plaintiff the burden of proving delivery and receipt.

With that conclusion in mind, we turn to the plaintiff's claim in the present case that the court improperly granted the motion to dismiss. The claim rests on the argument that the defendant had the burden of proving nonreceipt of the notice once evidence was provided that notice had been mailed. Specifically, the plaintiff

argues that the court's decision to grant the motion to dismiss was improper because the defendant failed to meet its burden of proving nonreceipt. Having determined, however, that the plaintiff bears the burden of proving delivery and receipt, we conclude that the court's decision was not improper.[3] Rather, the court correctly stated the law when it concluded that "the plaintiff must show that notice was received by, and not just sent to, the [defendant] within ninety days of the alleged occurrence." We conclude, therefore, that the court's legal determination as to the burden of proof in this case was legally and logically correct.

Moreover, we note that the court found as a matter of fact that the notice, which was mailed, was not received by the clerk's office. The court further found that the plaintiff had not provided the court with any evidence that the notice actually had been received. Because it is evident that the plaintiff provided no evidence to meet her burden of proving actual receipt, we conclude that the court's decision to grant the motion to dismiss was legally and logically correct and supported by the facts.[4]

The plaintiff's second argument is that the court's determination was improper because the notice provi-

---

[3] Because we conclude that the plaintiff has the burden of proof, we need not address the evidence presented by the defendant or answer the question of whether the defendant met any burden.

[4] The dissent asserts that the court should have held an evidentiary hearing on the motion to dismiss because a disputed jurisdictional issue of fact existed after the filing of affidavits, briefs or arguments of the parties. The dissent, however, does not take issue with our conclusion that the plaintiff must establish that notice was received by the defendant. That being the case, there remained no issue of fact on the basis of the parties' affidavits on the motion to dismiss. The plaintiff failed to assert any fact tending to prove receipt. Although we agree that the parties are entitled to an evidentiary hearing, the court did not improperly decline to hold a hearing. On the basis of the affidavits, the plaintiff failed to assert any fact that would tend to prove receipt of the notice. Under the circumstances, the plaintiff failed to establish that a jurisdictional issue of fact existed so as to entitle her to an evidentiary hearing.

sion of § 13a-149 should be liberally construed so as to confer jurisdiction in this case. Citing *Murphy* v. *Ives*, 151 Conn. 259, 264, 196 A.2d 596 (1963), for the proposition that towns have no sovereign immunity, the plaintiff argues that notice under § 13a-149, the municipal highway defect statute, should be more liberally construed than that of § 13a-144, the state highway defect statute, because the state is shielded by sovereign immunity while towns are not.

The plaintiff argues that § 13a-144 must be construed strictly because it confers a waiver of immunity while § 13a-149 must be construed liberally because it restricts a citizen's right to bring an action against a municipality. On the basis of that reasoning, the plaintiff concludes that *Cox* should be distinguished from the present case because *Cox* concerns the predecessor of the state highway defect statute, § 13a-144, and not the municipal statute, § 13a-149. We are not persuaded.

At the outset, we note that "[h]istorically, the state and its municipalities enjoyed immunity for injuries caused by defective highways under common law, due in good part to the miles of streets and highways under their control. . . . The highway defect statute is one legislative exception to such immunity . . . and statutes in derogation of sovereign immunity must be strictly construed. . . . Section 13a-149 is a very narrow exception to municipal immunity from suit, and the statutory requirements necessarily limit a plaintiff's ability to recover when he or she is injured on a public highway." (Citations omitted; internal quotation marks omitted.) *Prato* v. *New Haven*, 246 Conn. 638, 646–47, 717 A.2d 1216 (1998). Although it may appear, at first glance, that *Prato*'s reference to sovereign immunity in the municipal context is in conflict with the plaintiff's citation to *Ives*, we conclude that the plaintiff's reliance on *Ives* is misplaced.

Although it is true that municipalities do not have sovereign immunity, they are not without similar protection. Specifically, our Supreme Court has "long recognized the common-law principle [of sovereign immunity] that the state cannot be sued without its consent. . . . Alternatively, [a]t common law, Connecticut municipalities enjoy governmental immunity, in certain circumstances, from liability for their tortious acts." (Citation omitted; internal quotation marks omitted.) *Heigl* v. *Board of Education*, 218 Conn. 1, 4, 587 A.2d 423 (1991). Although the plaintiff relies on *Ives* to argue that towns are essentially without immunity, we conclude that *Ives* is useful only to illuminate the fact that some prior cases have imprecisely assigned the terms "sovereign immunity" and "governmental immunity" to state and municipal parties. See *Martinez* v. *Dept. of Public Safety*, 258 Conn. 680, 689–90 n.11, 784 A.2d 347 (2001) (noting inconsistent use of "sovereign" and "governmental" immunity and that "sovereign immunity" always has referred to sovereignty of state while "governmental immunity" has been used to refer to municipal immunity and immunity of state).

In addition, the plaintiff argues that *Pratt* v. *Old Saybrook*, 225 Conn. 177, 621 A.2d 1322 (1993), stands for the proposition that the notice provisions of § 13a-149 should be more liberally construed than that of § 13a-144. We conclude, however, that *Pratt* is inapplicable to the present case because the discussion of liberal construction in *Pratt* addresses the sufficiency of the notice for § 13a-149 in terms of the elements that must be alleged and the statute's savings clause. Id., 180–84. *Pratt* does not address the delivery and receipt of notice, nor does it relate to who bears the burden of proof to establish that.

Finally, we do not find persuasive the plaintiff's attempt to distinguish the notice required under § 13a-144 from the notice required under § 13a-149 because

our Supreme Court twice has declined to draw a clear distinction between those two similar statutes when it had occasion to analyze them. In *Cox*, the court addressed the state highway defect statute, but relied on its previous interpretation of the municipal statute, which it stated "[imposed] like liability"; *Rapid Motor Lines, Inc.* v. *Cox*, 134 Conn. 238; to reach its conclusion. Similarly, in *Brennan*, the court stated that its conclusion was consistent with the decision in *Cox* and reaffirmed that holding in the context of § 13a-149.

In light of the reasoning employed by our Supreme Court in *Brennan* and *Cox*, we cannot adopt the plaintiff's attempt to distinguish *Cox* in the present case. We conclude that the court's legal conclusion regarding the applicable law in the present case was legally and logically correct, and, as a result, its decision to grant the defendant's motion to dismiss also was legally and logically correct.

The judgment is affirmed.

In this opinion FOTI, J., concurred.

DUPONT, J., dissenting. I respectfully dissent because I believe that the issue of whether the defendant received the notice mailed by the plaintiff is a disputed issue of fact that requires an evidentiary hearing. In dissenting, I do not disagree with the majority that, in accordance with the dicta in *Rapid Motor Lines, Inc.* v. *Cox*, 134 Conn. 235, 56 A.2d 519 (1947), and *Brennan* v. *Fairfield*, 255 Conn. 693, 768 A.2d 433 (2001), notice must be *received* by the defendant as well as *mailed* to the defendant by the plaintiff.

The standard of review in determining whether a complaint survives a motion to dismiss requires that we take the facts to be those alleged in the complaint, including those facts necessarily implied from the plaintiff's allegations, and construe them most favorably to

the plaintiff. *Pamela B.* v. *Ment*, 244 Conn. 296, 307–308, 709 A.2d 1089 (1998); *Pinchbeck* v. *Dept. of Public Health*, 65 Conn. App. 201, 208, 782 A.2d 242, cert. denied, 258 Conn. 298, 783 A.2d 1029 (2001). If no jurisdictional flaws appear on the record, and if the defendant has not filed supporting affidavits as to relevant jurisdictional facts not appearing on the record, the plaintiff has no burden of proving the allegations of the complaint, which are taken as true. If, however, jurisdictional flaws appear on the record or are alleged by the defendant in a supporting affidavit as to facts not apparent on the record, a motion to dismiss may be granted; *Ferreira* v. *Pringle*, 255 Conn. 330, 346, 766 A.2d 400 (2001); *Bradley's Appeal from Prob*ate, 19 Conn. App. 456, 461–62, 563 A.2d 1358 (1989); but only *if* the supporting affidavit contains undisputed facts that are not challenged by the plaintiff's counteraffidavit, brief or argument as to the accuracy of the defendant's affidavit. *Barde* v. *Board of Trustees*, 207 Conn. 59, 62, 539 A.2d 1000 (1988). In this case, the plaintiff challenged the defendant's affidavits by arguing that the notice could have been internally lost at the Meriden city hall.

The key to the granting or denial of the motion, as described in the previously cited cases, is whether there still remains an issue of fact after the filing of affidavits and briefs and the arguments of both parties. There is no necessity for an evidentiary hearing if there is no disputed issue of fact. *Amore* v. *Frankel*, 228 Conn. 358, 636 A.2d 786 (1994). If there is a jurisdictional issue of fact in dispute, however, a hearing must be held to allow the presentation of evidence and the cross-examination of witnesses.[1] *Henriquez* v. *Allegre*, 68 Conn. App. 238, 247–48, 789 A.2d 1142 (2002).

---

[1] At oral argument on the defendant's motion to dismiss for lack of jurisdiction, the trial court asked; "Why couldn't I, at most, schedule an evidentiary hearing, let [the plaintiff] put on whatever evidence you have of whether there was or was not notice given and then make a ruling." The court at one point asked: "What is the vehicle for determining a disputed fact in a

Where important decisions are factual, due process affords a party an opportunity to confront and to cross-examine witnesses. *Standard Tallow Corp.* v. *Jowdy*, 190 Conn. 48, 56, 459 A.2d 503 (1983). "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." Id.

In this case, there is a question as to a jurisdictional issue of fact, namely, whether the defendant received the notice mailed by the plaintiff. In prior cases involving General Statutes § 13a-149, there was no disputed issue of fact. Those cases do not involve the actual receipt of the notice, but rather, concern the resolution of questions of law such as the sufficiency of the notice or its timeliness; see *Brennan* v. *Fairfield*, supra, 255 Conn. 697–98; *Rapid Motor Lines, Inc.* v. *Cox*, supra, 134 Conn. 236–37; or whether a defendant had an obligation of maintenance. *Ferreira* v. *Pringle*, supra, 255 Conn. 340–41; *Novicki* v. *New Haven*, 47 Conn. App. 734, 739–40, 709 A.2d 2 (1998).

Here, it is possible that cross-examination of the affiants of the defendant as to the defendant's procedure for receipt of incoming mail, as to the defendant's procedure for investigating claims of "lost letters," and whether temporary employees were retained by the city clerk's office during the relevant period of time might establish the fact that the defendant had received

motion to dismiss?" The defendant responded by stating that there was no disputed fact, and, subsequently, the plaintiff noted that if the court believed that there is a factual dispute, a hearing was necessary "because I have got some other evidence other than my assertion that it was mailed." The plaintiff, however, never filed an additional affidavit or offered any other evidence. The court in its memorandum of decision, however, made no reference to the need for an evidentiary hearing, stating that the plaintiff did not provide the court "with any evidence by way of affidavit or otherwise that this notice was received by the [defendant]."

notice. In a close case, I would rather err on the side of giving a plaintiff a day in court, complete with the opportunity of live testimony and the cross-examination of witnesses. See *Henriquez* v. *Allegre*, supra, 68 Conn. App. 247. Accordingly, I would remand the matter for an evidentiary hearing.