[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTIONS TO DISMISS
The plaintiff alleges in his complaint[1] that on August 20, 2000, he was driving on Asylum Avenue in Hartford when his vehicle hit a series of "bumps and ditches" causing him to lose control of his car and have a crash causing serious injury. Two defendants have moved to dismiss. The city of Hartford claims that as this is a suit pursuant to General Statutes § 13a-149, the plaintiff must give proper notice as set forth in the statute. The city claims that the notice here was defective, and its motion to dismiss on the ground of subject matter jurisdiction should be granted.
The notice given by the plaintiff recites as follows: "PLACE OFOCCURRENCE: The northern-most traffic lane of Farmington Avenue, approximately 150 feet east of its intersection with Sumner Street in Hartford, Connecticut and in front of 756 Farmington Avenue (see attached police report)." This notice was accurate in that the sketch in the police report showed that the accident happened on Asylum Avenue and that the bumps and ditches were stated in the police report to be on Asylum Avenue. It was also accurate in referring to measurement from Sumner Street. The notice was inaccurate as to the specific address of 757 Farmington Avenue, as it should have stated that the address was 757 Asylum Avenue. The police report was also contradictory in that at several points, it stated that the incident occurred on Farmington Avenue.
The case of McCann v. New Haven, 33 Conn. App. 56, 59 (1993) states that such notice issues are usually reserved for trial. To grant the city's motion, the court must find the notice did not provide sufficient information to the defendant such that it was "patently defective."Lussier v. Department of Transportation, 228 Conn. 343, 357 (1994). The information provided must not be merely inadequate, it must be useless."Ozmun v. Burns, 18 Conn. App. 677, 681 (1989). The court cannot find such CT Page 14839 a level of defect in this case, especially when raised on motion to dismiss on the ground of subject matter jurisdiction. While the notice contained errors, there was sufficient information for the city to obtain a successful investigation of the matter. See Ierna v. City ofManchester, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 379630 (July 2, 1991, Wagner, J.) (errors did not lead to a finding of improper statutory notice). Therefore the city's motion to dismiss is denied.
Another defendant, Metropolitan District Commission ("MDC"), has moved to dismiss on two grounds. The first is identical to the claim of the city that the use of "Farmington Avenue" instead of "Asylum Avenue" in the notice is a ground for dismissal. The court rejects this ground for the same reasons as stated above.
The second claim by MDC is that the plaintiff has failed to allege that the § 13a-149 notice was given to the MDC. The complaint alleges that the plaintiff gave notice to the city and the city forwarded this notice to the MDC. Complaint, Second Count, paragraphs 14-16. The giving of the statutory notice through third parties has been rejected in the case ofBresnan v. Frankel, 224 Conn. 23, 27 (1992). The plaintiffs reliance on a case where the town clerk of Norwalk passed the notice along to the city clerk is not analogous to the city's mailing its notice to the MDC. There the issue was only that of an erroneous address to one of two municipal clerks. Costello v. Norwalk, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 268834 (April 25, 1991, Katz, J.). The motion to dismiss is therefore appropriate and granted as to the MDC. Rivera v. City of Meriden, 72 Conn. App. 766 (2002).
 ___________________ Henry S. Cohn