[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Ryan McGrath through his mother, Lori McGrath, brought this action to recover damages for injuries he received while attempting to score a goal during a soccer game. He claims that the defendant Town of New Milford was negligent in a variety of ways in causing the plaintiff's injuries.[1] New Milford moves to dismiss the action against it on ground that it is entitled to sovereign immunity, depriving this court of subject matter jurisdiction.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624 (1983). Subject matter jurisdiction can be raised at any time. Gagnon v. PlanningCommission, 222 Conn. 294, 297 (1992). Once raised, the issue of subject matter jurisdiction must be resolved before proceeding further with the case. Figueroa v. CS Ball Bearing, 237 Conn. 1, 4 (1996).
"[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Federal Deposit Ins. Corp. v.Peabody, N.E., Inc., 239 Conn. 93, 99 (1996); Novicki v. New Haven,47 Conn. App. 734, 739 (1998).
"In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegation, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296,308 (1998). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone . . . Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their CT Page 3969 content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citation omitted; internal quotation marks omitted.) Barde v. Board ofTrustees, 207 Conn. 59, 62 (1988).
New Milford relies heavily on the case of Couture v. Board ofEducation, 6 Conn. App. 309 (1986) which has strikingly similar facts to this case. In that case, the court upheld a directed verdict entered against the plaintiff on the issue of governmental immunity. Sovereign immunity, on the other hand, is explicitly discussed in a case heard by the same panel as that in Couture, and the opinion issued fourteen days prior to Couture. R.A. Civitello Co. v. New Haven, 6 Conn. App. 212,218-21 (1986). The distinction between sovereign and governmental immunity is significant.
Although it is true that municipalities do not have sovereign immunity, they are not without similar protection. [O]ur Supreme Court has "long recognized the common-law principle [of sovereign immunity] that the state cannot be sued without its consent . . . Alternatively, [a]t common law, Connecticut municipalities enjoy governmental immunity, in certain circumstances, from liability for their tortious acts." (Citation omiffed; internal quotation marks omitted.) Heigl v. Board ofEducation, 218 Conn. 1, 4 (1991). . . Martinez v. Dept. of PublicSafety, 258 Conn. 680, 689-90 n. 11 (2001) (noting inconsistent use of "sovereign" and "governmental" immunity and that "sovereign immunity" always has referred to sovereignty of state while "governmental immunity" has been used to refer to municipal immunity and immunity of state).
Rivera v. Meriden, 72 Conn. App. 766, 775 (2002).
Here, the explicit basis of the motion is sovereign immunity. Accordingly, the court looks to the language of R.A. Civitello Co. v. NewHaven, supra, 6 Conn. App. 218-19:
The protections offered by the doctrine of sovereign immunity have been extended to agents of the state acting in its behalf. A board of education is an agency of the state in charge of education in a town. Local boards of education are not agents of the state, however, in performing each and every mandated function. Local boards of education act as agents of the state when fulfilling the statutory duties imposed upon them by the legislature in light of the state constitutional mandate to furnish public education. Local boards of education also are agents of the towns, subject to the law governing municipality in its function of mandating control over the public schools within the municipality's limits. CT Page 3970
In determining whether a local school board is afforded the protections consistent with the doctrine of sovereign immunity, the courts look to whether the suit would operate to control or interfere with the activities of the state. The maintenance of school property is not encompassed within the educational activities of the state. The funding source for such building and maintenance is primarily a local responsibility. We conclude that a local school board acting to recover damages arising from the construction of the physical plant of a school building is not acting as a state agent and, therefore, would not be entitled to employ the doctrine of sovereign immunity as a shield from the defense of the statute of limitations.
(Citations omitted; internal quotation marks omitted.)
In reviewing the allegations of the complaint, the court finds that they include allegations of a failure to maintain. The fact that other counts in the complaint sound in product liability does not negate the effect of these allegations on this motion. Because the allegations of failure to maintain implicate activities not under state control, New Milford is not entitled to the protection of sovereign immunity. SeeLostumbo v. Board of Education, 36 Conn. Sup. 293, 294-96 (1980).
The motion to dismiss is denied.
DiPentima, J.