EDWARD BLASCO *v.* COMMERCIAL LINENS,
LLC, ET AL.
(AC 31649)

Alvord, Espinosa and Pellegrino, Js.

Argued November 9, 2011—officially released February 21, 2012

*Christopher G. Winans*, for the appellant (plaintiff).

*Thomas W. Beecher*, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Edward Blasco, appeals from the judgment of the trial court rendered in favor of the defendants, Commercial Linens, LLC, and John J. Royce. On appeal, the plaintiff claims that the court improperly found that he failed to prove the claim as alleged in his complaint that the defendants breached the terms of their commercial lease by failing to pay a water bill that they were obligated to pay pursuant to

---

the terms of the lease.[1] We disagree with the plaintiff and, accordingly, affirm the judgment of the court.

These facts are not in dispute. In December, 2000, the plaintiff leased to the defendants space in a commercial building that he owned in the city of Danbury (city). Under the terms of their written lease, the defendants were to pay for all water used and consumed on the leased premises. The plaintiff was obligated to install a separate water meter in the premises occupied by the defendants. With the exception of one tenant in the building, Connecticut Photographics, which had its own water meter, the other tenants, including the defendants, did not have a separate meter measuring the actual water consumed in their individual leased premises, nor did the plaintiff install a separate meter in the defendants' premises as he was obligated to do pursuant to the lease.

Throughout the course of the lease, when the plaintiff received a quarterly water bill from the city, he would estimate the defendants' share of the bill by deducting the actual meter amount used by Connecticut Photographics, and then, after deducting 20,000 gallons of

[1] The plaintiff also claims that the court improperly failed to address his claim with respect to an $8831.16 water invoice issued by the city of Danbury in June, 2007. The trial court, as it indicated in its articulation, did not reach this issue because the plaintiff failed to include this allegation in his complaint. In its articulation, the court stated: "*At the hearing*, both sides concurred that this $8831.16 invoice was not included in the allegation of the complaint and was, thus, outside the scope of the pleadings. The court had reached this conclusion as well which is the reason there is no mention of it in the memorandum of decision." (Emphasis added.) On appeal, the plaintiff claims that this statement is inaccurate. The trial court's articulation of its decision is clear. Because the plaintiff has failed to provide this court with the transcript of the hearing on the articulation, and furthermore, failed to file a motion for review with this court in accordance with Practice Book §§ 66-5 and 66-7, there is no basis in the record before this court for reversing the trial court's decision. See *Ramondetta* v. *Amenta*, 97 Conn. App. 151, 167–68, 903 A.2d 232 (2006) ("[i]t is axiomatic that the appellant must provide this court with an adequate record for review"); Practice Book § 61-10.

water that he estimated all of the other tenants in the building consumed, he would calculate the balance of the bill as the obligation of the defendants. The defendants consistently paid their estimated share of the water bill until the city issued in March, 2007, its quarterly bill for the period of October 18, 2006, through January 23, 2007, in the amount of $65,167.98, which was four times greater than any past comparable period. The defendants refused to pay the substantial increase in the water bill estimated by the plaintiff on the ground that their water usage did not change for that period and instead paid to the city the amount of $13,014.08, which they believed was the amount due based on their calculation of the water consumed in their leased premises for that period.

By a complaint dated January 2, 2008, the plaintiff commenced this action, alleging that the defendants failed to pay for the water consumed on their premises for the period in question. The trial court found that the plaintiff failed to offer any credible evidence that demonstrated how much, if any, excess water was used by the defendants and not by the other unmetered tenants. This appeal followed.

It is the plaintiff's burden to prove the allegations of its complaint. See *Rivera* v. *Meriden*, 72 Conn. App. 766, 772, 806 A.2d 585 (2002). "An appellate court's review of a trial court decision is circumscribed by the appropriate standard of review. As we have often stated: The scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. To the extent that the trial court has made findings of fact, our review is limited to deciding whether such findings were clearly erroneous. . . . It is well established that [i]n a case tried before a court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given specific testimony. . . . On appeal, we do not retry the facts or pass on

the credibility of witnesses." (Internal quotation marks omitted.) *Brennan Associates* v. *OBGYN Specialty Group, P.C.*, 127 Conn. App. 746, 753, 15 A.3d 1094, cert. denied, 301 Conn. 917, 21 A.3d 463 (2011).

The plaintiff specifically claims that the court failed to consider or to credit evidence that a separate water meter installed by the defendants established that the defendants were responsible for the high water bill. We disagree. The court considered this evidence but found that the meter that the defendants installed was not a reliable measure of their water usage because it was never read or monitored during the period in question. The plaintiff merely had provided a photograph of the meter, which was taken more than ten months after the period in controversy and almost sixteen months after the meter was installed. In the absence of contemporaneous meter readings and expert testimony to estimate usage, or any other evidence attributing the excessive water use to the defendants, the court found that the plaintiff did not sustain his burden of proof as to the cause of action against the defendants. Because these findings are amply supported by the evidence and the reasonable inferences drawn therefrom, we conclude that the court's factual findings were not clearly erroneous.

The judgment is affirmed.