******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## VALERIE VANCE *v.* CITY OF NEW HAVEN
## (AC 47695)

Elgo, Seeley and Bishop, Js.

*Syllabus*

The defendant city appealed from the trial court's judgment for the plaintiff on her claim pursuant to the municipal highway defect statute (§ 13a-149) for personal injuries she sustained when she fell through a defective drainage gate maintained by the defendant. The defendant claimed, inter alia, that the court improperly determined that the evidence supported its finding that the plaintiff had complied with the notice requirements of § 13a-149. *Held*:

The trial court improperly concluded that the defendant's answer to the notice allegation in the defective highway count of the plaintiff's complaint constituted a judicial admission that it had received timely notice of the plaintiff's claim, as the answer was a denial that contested the sufficiency of notice generally and it was not a voluntary and knowing concession that the plaintiff had filed a timely notice of claim with the defendant.

The trial court improperly denied the defendant's motion to dismiss the plaintiff's highway defect claim for insufficient notice, as there was no evidence to substantiate the court's finding that the defendant actually received the plaintiff's notice and, because the plaintiff did not meet her burden of proving delivery or actual receipt of the notice, the court's finding that the plaintiff complied with the ninety day notice requirement of § 13a-149 was clearly erroneous.

Argued October 21—officially released December 16, 2025

*Procedural History*

Action to recover damages for personal injuries sustained as a result of, inter alia, an allegedly defective municipal highway, and for other relief, brought to the Superior Court in the judicial district of New Haven, where the court, *Wilson, J.*, granted the plaintiff's motion to cite in the defendant Chase Enterprises, LLC, et al.; thereafter, the case was tried to the court, *Crawford, J.*; subsequently, the court, *Crawford, J.*, granted the motion to dismiss filed by the defendant Chase Enterprises, LLC, et al.; thereafter, the court, *Crawford, J.*, denied in part the named defendant's motion to dismiss and rendered judgment in part for the plaintiff,

from which the named defendant appealed to this court. *Reversed in part*; *judgment directed*.

*Stephen G. Murphy, Jr.*, for the appellant (named defendant).

*Patrick M. Nugent*, with whom, on the brief, were *Leann Riether* and *Charles Riether*, for the appellee (plaintiff).

*Opinion*

ELGO, J. The defendant city of New Haven[1] appeals from the judgment of the trial court denying its motion to dismiss the highway defect claim of the plaintiff, Valerie Vance, for lack of subject matter jurisdiction. On appeal, the defendant contends that the court improperly concluded that the plaintiff complied with the notice requirements of General Statutes § 13a-149, commonly known as the defective highway statute. See *Ferreira* v. *Pringle*, 255 Conn. 330, 331, 766 A.2d 400 (2001). More specifically, the defendant claims that the court improperly determined that (1) its answer to the plaintiff's complaint contained a judicial admission that precluded the defendant from raising that jurisdictional issue at trial, and (2) the evidence supported a finding that the plaintiff complied with those notice requirements. We agree with the defendant and, accordingly, reverse in part the judgment of the trial court.

The facts giving rise to this litigation are not disputed. On the morning of September 24, 2018, the plaintiff fell through a defective drainage gate and sustained injuries

[1] Chase Family Limited Partnership No. 9 and Chase Enterprises, LLC, were cited in as defendants in this action. Following trial, the court granted their motion for a judgment of dismissal pursuant to Practice Book § 15-8 for failure to establish a prima facie case as to all counts against them. The propriety of that judgment is not at issue in this appeal and Chase Family Limited Partnership No. 9 and Chase Enterprises, LLC, have not participated in this appeal. We therefore refer to the city of New Haven as the defendant in this opinion.

while walking in the Pitkin Street Tunnel in New Haven. That tunnel is a public roadway over which the defendant at all times exercised control. The defendant was responsible for maintaining the tunnel, including the drainage gates therein.

The plaintiff commenced a personal injury action against the defendant on September 24, 2020. In count one of her complaint, the plaintiff alleged a municipal indemnification claim pursuant to General Statutes § 7-465. Count two alleged a statutory negligence claim pursuant to General Statutes § 52-557n. In count three, the plaintiff alleged a municipal highway defect claim pursuant to § 13a-149. In paragraph 12 of that count, the plaintiff averred: "Pursuant to [§] 13a-149, notice was given to the [defendant] of the plaintiff's intention to commence this action." In its answer, the defendant responded to that allegation, stating: "Denied as to the sufficiency of notice."

A one day court trial was held on December 6, 2023. During her case-in-chief, the plaintiff called Mamie Rose Gardner, a deputy clerk with the defendant, as a witness. Gardner testified that, among her duties, she was responsible for receiving notices of legal actions. The plaintiff's counsel then asked her if she was familiar with what had been introduced into evidence as plaintiff's exhibit 8, a notice of claim letter dated December 4, 2018, that concerned the plaintiff's September 24, 2018 fall. The following colloquy ensued:

"[The Plaintiff's Counsel]: [D]o you recognize what that letter is . . . .

"[Gardner]: Yes. This . . . would be a notice of claim. We would call this a notice of claim in our system.

"[The Plaintiff's Counsel]: Okay.

"[Gardner]: Or a notice to suit. If I'm familiar with this one? No.

"[The Plaintiff's Counsel]: Is that notice of claim in your system?

"[Gardner]: No.

"[The Plaintiff's Counsel]: Did you make reasonable investigation to determine if it was in your system?

"[Gardner]: Yes.

"[The Plaintiff's Counsel]: Okay. And you're not disputing that you received that. You're just [indicating] to the court that you have no record of receiving it. Is that right?

"[Gardner]: We have no record of receiving this.

"[The Plaintiff's Counsel]: Okay. And you're not denying that that may, in fact, have been received by your office?

"[Gardner]: Am I denying; yes, I am."

After Gardner confirmed that the clerk's office was staffed by a total of "four clerks," the plaintiff's counsel asked her if it was "fair to say that [she was] not denying [that the notice of claim] was received" by someone in the clerk's office. In response, Gardner stated that "any mail received would come to me whether it was opened or not . . . ." The plaintiff's counsel also asked Gardner if she had any reason to believe that the plaintiff's letter had been misplaced after being received by the clerk's office. Gardner testified: "No. I have no reason to believe it would have been misplaced."

During cross-examination, Gardner testified that, when a notice of claim is received, the document is stamped and scanned into the clerk's office records, where it is indexed "under the person's name, the date, and the type of incident it is, or what type of document." Gardner explained that, after it is stamped and entered into office records, the original copy of the notice of

claim is sent to the defendant's corporation counsel. With respect to the notice of claim letter dated December 4, 2018, that was marked as plaintiff's exhibit 8, Gardner confirmed that she conducted a search of the clerk's office records for the month of December, which "did not reveal any documents" involving the plaintiff.

On redirect examination, the plaintiff's counsel again questioned Gardner on the notice of claim letter:

"[The Plaintiff's Counsel]: Now, you would have no information to dispute that that letter was mailed. Correct? And I'm referring to exhibit number 8.

"[Gardner]: Yeah. I don't know if it was mailed. I know that you have the copy here, but I don't know if you ever mailed it.

"[The Plaintiff's Counsel]: That's correct. And in fact, are you the only person that records [the] notice of claim into the computer or do other people do that?

"[Gardner]: I do it. I am the person.

"[The Plaintiff's Counsel]: And, on or about December of 2018, would you be the only person or are there other persons that you delegate the recording to?

"[Gardner]: No. I would have done it."

After the plaintiff rested her case-in-chief, the defendant's counsel moved to dismiss the highway defect count for lack of subject matter jurisdiction, claiming that the plaintiff had failed to establish that she complied with the notice requirements of § 13a-149.[2] In

---

[2] General Statutes § 13a-149 provides in relevant part: "No action for any [injury sustained by means of a defective road or bridge] shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough . . . ."

As applied to the facts of this case, § 13a-149 required the plaintiff to provide her notice of claim to the defendant's clerk or selectman by December 23, 2018.

response, the plaintiff's counsel argued that "there is a presumption that the letter [marked] as plaintiff's exhibit 8 was mailed and received." She alternatively argued that the defendant had "admitted to receiving notice by way of [its] pleadings in [its] answer." The defendant's counsel disagreed, stating that the denial in the defendant's answer pertained to the sufficiency of the notice provided by the plaintiff and that "[t]he notice was not sufficient [because] it was untimely." With the agreement of the parties, the court deferred consideration of the defendant's motion to dismiss until after the trial had concluded. The parties subsequently submitted briefs on that motion two weeks later.

In its memorandum of decision, the court recited the notice requirements of § 13a-149; see footnote 2 of this opinion; and then stated in relevant part: "The [defendant] argues that the plaintiff did not prove that [she] either sent or that [the defendant] received the notice. The plaintiff responded that [she] sent the notice . . . and the [defendant] received it . . . . The plaintiff argues that the answer is an admission of receipt of notice. The [defendant] argues their records do not reflect receipt of the notice. The [defendant] . . . answered as follows: 'Denied as to the sufficiency of notice.' Additionally, the issue of whether notice was received was raised one week before trial, five years after the injury, and any clerk who could testify as to receipt of the notice has retired. . . . Statements made in a party's pleadings are considered judicial admissions. An admission in pleadings is equivalent to proof. . . . In construing the evidence in the light most favorable to the plaintiff, the court finds the plaintiff sent notice and the [defendant] received such notice." (Citation omitted; footnote omitted.) The court thus denied the defendant's motion to dismiss and rendered judgment in favor of the plaintiff on the highway defect

count of her complaint.[3] From that judgment, the defendant now appeals.

On appeal, the defendant challenges the court's determination that the plaintiff complied with the notice requirements of § 13a-149. Its claim is twofold in nature. The defendant contends that the court improperly determined that (1) its answer to the plaintiff's complaint contained a judicial admission that precluded it from raising that jurisdictional issue at trial, and (2) the evidence supported a finding that the plaintiff complied with those notice requirements.[4]

As a preliminary matter, we note that, "[u]nder the common law, municipalities enjoyed immunity for injuries caused by defective highways. . . . This immunity has been legislatively abrogated by § 13a-149, which allows a person to recover damages against a municipality for injuries caused by a defective highway." (Citations omitted.) *Martin* v. *Plainville*, 240 Conn. 105, 109, 689 A.2d 1125 (1997). Section 13a-149 requires a plaintiff to "provide statutory notice within ninety days of the accident in order for an action to lie for damages caused by a defective highway that the town must maintain." *Pratt* v. *Old Saybrook*, 225 Conn. 177, 180, 621 A.2d 1322 (1993); see also footnote 2 of this opinion. As our

---

[3] In its memorandum of decision, the court granted the defendant's motion to dismiss the municipal indemnification and statutory negligence claims set forth in counts one and two of the plaintiff's complaint and rendered judgment accordingly. Neither party has raised any claim with respect to that portion of the judgment.

[4] In its appellate brief, the plaintiff argues that the defendant "waived its notice argument by failing to seek an articulation" from the trial court as to the precise basis of its decision. We do not agree. In its memorandum of decision, the court articulated the basis of its decision to deny the defendant's motion to dismiss as to the plaintiff's highway defect claim. The court both concluded that the defendant's answer to the relevant paragraph of the plaintiff's complaint constituted a judicial admission and found, in light of the evidence submitted at trial, that "the plaintiff sent notice and the [defendant] received such notice." For that reason, the defendant has challenged the propriety of both determinations in this appeal.

Supreme Court has observed, that notice requirement is "a condition precedent to maintaining an action under § 13a-149 . . . ." *Martin* v. *Plainville*, supra, 109; see also *Sanzone* v. *Board of Police Commissioners*, 219 Conn. 179, 198, 592 A.2d 912 (1991) ("[t]he plaintiff who fails within ninety days to provide the municipality with the statutorily required notice will be barred from any recovery"). When a plaintiff fails "to comply with the notice requirements of § 13a-149, the trial court lack[s] subject matter jurisdiction over the action." *Ferreira* v. *Pringle*, supra, 255 Conn. 354; see also *Bellman* v. *West Hartford*, 96 Conn. App. 387, 394, 900 A.2d 82 (2006) ("[i]f § 13a-149 applies, the plaintiff must comply with the notice provisions set forth therein in order for the trial court to have subject matter jurisdiction").

"It is well established that a determination regarding a trial court's subject matter jurisdiction is a question of law over which our review is plenary. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . ." (Citation omitted; internal quotation marks omitted.) *Dobie* v. *New Haven*, 204 Conn. App. 583, 590, 254 A.3d 321 (2021), aff'd, 346 Conn. 487, 291 A.3d 1014 (2023). With those precepts in mind, we turn to the defendant's claims.

I

The defendant first claims that the court improperly concluded that its answer to the plaintiff's complaint contained a judicial admission that it received timely notice of the plaintiff's claim. We agree.

"The interpretation of pleadings is always a question of law for the court . . . . Our review of the trial court's interpretation of the pleadings therefore is plenary. . . . Furthermore, we long have eschewed the

notion that pleadings should be read in a hypertechnical manner. Rather, [t]he modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically." (Emphasis omitted; internal quotation marks omitted.) *Carpenter* v. *Daar*, 346 Conn. 80, 128, 287 A.3d 1027 (2023).

The following additional facts are relevant to the defendant's claim. In count one of her complaint, the plaintiff alleged a municipal indemnification claim pursuant to § 7-465. In paragraph 12 of that count, the plaintiff averred in relevant part: "Pursuant to [§] 7-465, notice was given to the [defendant] on January 16, 2019, of the plaintiff's intention to commence this action." The plaintiff's highway defect claim is set forth in count three of the complaint. Unlike paragraph 12 of count one, in which the plaintiff specified with particularity the date on which notice had been provided to the defendant, paragraph 12 of count three generally states: "Pursuant to [§] 13a-149, notice was given to the [defendant] of the plaintiff's intention to commence this action." In its answer, the defendant responded to that allegation as follows: "Denied as to the sufficiency of notice."

To provide legally sufficient notice under § 13a-149, a plaintiff must, inter alia, provide notice to a municipality "within ninety days of the accident in order for an action to lie for damages caused by a defective highway that the town must maintain." *Pratt* v. *Old Saybrook*, supra, 225 Conn. 180. As this court has explained, when a plaintiff fails to provide notice within that statutory time period, the notice is "insufficient as a matter of law." *Bellman* v. *West Hartford*, supra, 96 Conn. App. 399; accord *Marte* v. *Bridgeport*, Docket No. CV-21-6105898-S, 2023 WL 7147115, *3 n.5 (Conn. Super. October 23, 2023) ("[c]ases challenging the sufficiency of a notice [pursuant to § 13a-149] turn primarily on whether

the notice was timely served, served to the correct party, or contained all essential elements"). For that reason, it was entirely proper for the defendant, in responding to count three of the plaintiff's complaint, to deny the allegations in question "as to the sufficiency of notice."

The plaintiff posits that the defendant's answer "reads as a partial denial and partial admission of [her] allegation." Although we disagree with that appraisal, the plaintiff was not without recourse if that is how she construed the defendant's pleading. Under our rules of practice, the plaintiff was free to file a request to revise the defendant's answer. See Practice Book §§ 10-6 (6) and 10-35. To the extent that the plaintiff was confused by the defendant's pleading, "the proper way to cure any confusion in that regard is to file a motion to revise . . . ." *Rowe* v. *Godou*, 209 Conn. 273, 279, 550 A.2d 1073 (1988). The plaintiff did not do so here.

We also are mindful that judicial admissions "are voluntary and knowing concessions of fact . . . ." (Internal quotation marks omitted.) *Morton* v. *Syriac*, 196 Conn. App. 183, 200, 229 A.3d 1129, cert. denied, 335 Conn. 915, 229 A.3d 1045 (2020). To constitute a judicial admission, "[t]he statement relied on as a binding admission must be clear, deliberate and unequivocal." *National Amusements*, *Inc.* v. *East Windsor*, 84 Conn. App. 473, 482, 854 A.2d 58 (2004). Unlike the notice allegation in count one of the plaintiff's complaint, which identified the date on which notice of the plaintiff's claim under § 7-465 was provided to the defendant, the notice allegation in the highway defect count does not specify when the plaintiff claimed to have provided notice of her claim. Without that critical information, the defendant could not reasonably ascertain whether the plaintiff complied with the ninety day notice requirement of § 13a-149, particularly when it is undisputed that no notice of claim was contained in

the records of its clerk's office, as Gardner confirmed in her testimony at trial. Moreover, the plaintiff's highway defect count also does not contain a general allegation that her notice of claim was timely provided. In this state, our courts "construe pleadings broadly and realistically, rather than narrowly and technically." (Emphasis omitted; internal quotation marks omitted.) *Carpenter* v. *Daar*, supra, 346 Conn. 128. Because the plaintiff neither identified the date on which she allegedly provided notice to the defendant nor alleged generally that she had provided timely notice in accordance with § 13a-149, we reject her contention that the defendant was obligated to specifically deny such allegations in its answer. To conclude otherwise would require the defendant to refute allegations that were not pleaded in the plaintiff's complaint.[5]

In light of the foregoing, we conclude that the defendant's answer to the notice allegation in count three of the plaintiff's complaint was not a voluntary and knowing concession that the plaintiff had filed a timely notice of claim with the defendant. Rather, the defendant's answer was a denial that contested "the sufficiency of notice" generally. The court, therefore, improperly concluded that the defendant's answer constituted a judicial admission that it received timely notice of the plaintiff's highway defect claim.

II

The defendant also claims that the court improperly determined that the evidence adduced at trial supported

---

[5] Section 13a-149 contains several statutory requirements; see, e.g., *Pratt* v. *Old Saybrook*, supra, 225 Conn. 180; and obligates a plaintiff to provide notice to a municipality "within ninety days of the accident in order for an action to lie for damages caused by a defective highway that the town must maintain." Id. If the plaintiff wanted to plead each of those requirements with specificity in separate paragraphs of her complaint, she could have done so. Instead, the plaintiff in the present case merely alleged that, "[p]ursuant to [§] 13a-149, notice was given to the [defendant] of the plaintiff's intention to commence this action."

a finding that the plaintiff complied with the ninety day notice requirement of § 13a-149. We agree.

The court's finding that the plaintiff complied with that notice requirement is governed by the clearly erroneous standard of review. See *Rivera* v. *Meriden*, 72 Conn. App. 766, 768–69, 806 A.2d 585 (2002). "A court's determination is clearly erroneous [when] the record contains no evidence to support it, or in cases in which there is evidence, but the reviewing court is left with the definite and firm conviction that a mistake has been made." (Internal quotation marks omitted.) *Nicefaro* v. *New Haven*, 116 Conn. App. 610, 613, 976 A.2d 75, cert. denied, 293 Conn. 937, 981 A.2d 1079 (2009).

As this court has observed, "providing notice under § 13a-149 requires a plaintiff both to deliver the notice and to assure that it is received by the defendant within the notice period. . . . [B]ecause § 13a-149 requires a plaintiff both to deliver the notice and to assure receipt by the defendant, *a plaintiff who alleges that notice was provided to a defendant pursuant to § 13a-149 bears the burden of proving that the notice was delivered and actually received.* That burden must lie with the plaintiff because, under our well settled law, a plaintiff must prove the allegations contained in the complaint. . . . [T]his burden properly is assigned to the plaintiff because . . . an action pursuant to § 13a-149 is not likely to be contemplated by a municipality prior to its receipt of notice. Because the plaintiff is aware of the impending action against the municipality . . . it is logical to assign to the plaintiff the burden of proving delivery and receipt." (Citation omitted; emphasis added.) *Rivera* v. *Meriden*, supra, 72 Conn. App. 772. Critically, the defendant in a highway defect action does not bear the burden of "proving nonreceipt" of a notice allegedly provided by the plaintiff. Id., 769; see also *Bellman* v. *West Hartford*, supra, 96 Conn. App. 399 ("[i]t was not the defendant's burden to demonstrate

that it did not receive the [communication] relied on by the plaintiff as satisfying the statutory notice requirement").

At trial, the plaintiff did not produce any documentary evidence indicating that the notice of her § 13a-149 claim, memorialized in a letter dated December 4, 2018, and admitted into evidence as exhibit 8, was delivered to and received by the defendant.[6] By contrast, the plaintiff's notice of her § 7-465 claim, which was admitted into evidence as exhibit 9, indicates that it was sent "via regular mail & certified mail—return receipt requested." As the court stated in its memorandum of decision, "the best practice in every action requiring notice, regardless of the language of the statute, is to send the notice certified, or have it served by a marshal." There is no evidence that the plaintiff did either with respect to her § 13a-149 claim.

The plaintiff also failed to offer any testimonial evidence that her notice of claim letter was received by the defendant. The only witness who testified on that issue was Gardner. In her sworn testimony, Gardner denied receiving the plaintiff's notice of claim letter and testified that no record of that notice existed in the records of the clerk's office.[7] Gardner's testimony does not support a finding that the plaintiff either sent that letter to the defendant or that the defendant received that letter.[8]

---

[6] The plaintiff's notice of claim letter does not contain any notation regarding, or proof of, mailing. Moreover, we note that the "mailbox rule" and its corresponding presumption of receipt that arises in the contractual context; see *Carroll* v. *Yankwitt*, 203 Conn. App. 449, 458 n.8, 250 A.3d 696 (2021); has no application in the context of a highway defect claim. See *Rapid Motor Lines, Inc.* v. *Cox*, 134 Conn. 235, 239, 56 A.2d 519 (1947); *Brennan* v. *Fairfield*, 58 Conn. App. 191, 202, 753 A.2d 396 (2000), rev'd in part on other grounds, 255 Conn. 693, 768 A.2d 433 (2001).

[7] After confirming that she had conducted a search of those records, Gardner testified that "[w]e have no record of receiving" the plaintiff's December 4, 2018 letter.

[8] In its memorandum of decision, the court did not refer to Gardner by name but acknowledged her testimony in a limited regard. The court credited

On appeal, the plaintiff has not identified any evidence that demonstrates that the defendant actually received her December 4, 2018 notice of claim letter. Instead, she claims that the court made a "credibility determination" and argues that the court "was free to find incredible the [defendant's] claim that it did not receive the notice." That contention suffers multiple infirmities. First, although it is well established that the trial court, in a bench trial, is free to credit or reject all or part of the testimony of a witness; see *O'Brien* v. *O'Brien*, 326 Conn. 81, 119, 161 A.3d 1236 (2017); the defendant in this case rested without presenting any witnesses. Put simply, the defendant offered no testimony for the court to discredit.

Second, the relevant inquiry is not into the credibility or the sufficiency of the evidence presented by the defendant but, rather, that of the plaintiff, who bore the burden in the first instance of establishing the allegations of her complaint, including whether her notice of claim letter was delivered and actually received by the defendant. See *Rivera* v. *Meriden*, supra, 72 Conn. App. 769. Even if the trial court elected to discredit the testimony elicited from Gardner as part of the plaintiff's case-in-chief that neither Gardner nor anyone in the clerk's office received the plaintiff's notice—which the court did *not* do in its memorandum of decision—such a credibility determination would not suffice to establish that the defendant actually received the plaintiff's notice. See, e.g., *Paige* v. *St. Andrew's Roman Catholic Church Corp.*, 250 Conn. 14, 18, 734 A.2d 85 (1999) ("although the [finder of fact] is entitled to disbelieve any evidence, it may not draw a contrary inference on

her testimony that, as a matter of office practice, "a clerk receives the mail, opens it and then directs [it] to the city clerk, who inputs the information. In this case, someone would have received it and then [brought] it to her." The court did not otherwise note Gardner's testimony as to whether she or anyone in the clerk's office had received the defendant's notice of claim letter.

the basis of that disbelief"); *Novak* v. *Anderson*, 178 Conn. 506, 508, 423 A.2d 147 (1979) ("[w]hile it is true that it is within the province of the [finder of fact] to accept or reject a defendant's testimony, [the finder of fact] in rejecting such testimony cannot conclude that the opposite is true").

In its memorandum of decision, the court also noted that "the issue of whether notice was received was raised one week before trial, five years after the injury, and any clerk who could testify as to receipt of the notice has retired."[9] In so doing, the court overlooked the fact that, under Connecticut law, a motion to dismiss a highway defect claim for lack of subject matter jurisdiction may be filed at any time. See *Dobie* v. *New Haven*, supra, 204 Conn. App. 590; see also *Nassra* v. *Nassra*, 180 Conn. App. 421, 429 n.4, 183 A.3d 1198 (2018) ("[S]ubject matter jurisdiction can be raised at any time. . . . Consequently, it may be raised after significant discovery has occurred, at trial, or even on appeal." (Internal quotation marks omitted.)). Accordingly, the fact that the defendant moved to dismiss the plaintiff's highway defect claim one week prior to trial is wholly irrelevant to the question of whether the plaintiff satisfied her burden of proving both delivery and actual receipt of her notice of claim letter to the defendant.

The plaintiff also posits that the court was free to infer, from Gardner's uncontroverted testimony, that the plaintiff's notice of claim letter "was received by one of the four clerks or an intern and was misplaced before it got to the one clerk that is allowed to put it into the [defendant's] system." We disagree that Gardner's

---

[9] The record indicates that the plaintiff did not commence this action until two years after her September 24, 2018 fall in the Pitkin Street Tunnel. The record also indicates that, prior to trial, the court granted motions for continuances and extensions of time filed by the plaintiff. In addition, the court granted the defendant's motion to strike the plaintiff's claim for a jury trial in light of the undisputed fact that it "was filed over five months late."

testimony supports such an inference. On direct examination, the plaintiff's counsel asked Gardner if she had any reason to believe that the plaintiff's notice of claim letter had been misplaced after being received by the clerk's office. Gardner testified: "No. I have no reason to believe it would have been misplaced."

Shortly thereafter, the following colloquy transpired:

"[The Plaintiff's Counsel]: [I]s it fair to say that mail gets [misplaced] in the course of your experience as a city clerk? . . .

"[Gardner]: No.

"[The Plaintiff's Counsel]: You've never had mail misplaced in—

"[Gardner]: In—

"[The Plaintiff's Counsel]: —forty years you've been there?

"[Gardner]: —my working there, probably. I can't recall when. Probably. I can't say.

"[The Plaintiff's Counsel]: All right."

In our view, the foregoing testimony does not support an inference that the plaintiff's notice of claim letter was actually received by someone in the clerk's office. The fact that Gardner testified that she may have misplaced an article of mail during her four decades of work in that office is too slender a reed on which to predicate a finding that the plaintiff's notice of claim letter in this case was actually received and then misplaced. Under our law, inferences must be "based on probabilities, not possibilities, surmise, or conjecture. . . . [T]he only kind of inference the law recognizes is a reasonable one." (Internal quotation marks omitted.) *Curran* v. *Kroll*, 118 Conn. App. 401, 410, 984 A.2d 763 (2009), aff'd, 303 Conn. 845, 37 A.3d 700 (2012); see

also *DeCastro* v. *Odetah Camping Resort, Inc.*, 170 Conn. App. 581, 591, 155 A.3d 305 (inference "must not be the result of speculation and conjecture" (internal quotation marks omitted)), cert. denied, 325 Conn. 906, 156 A.3d 537 (2017); cf. *Bellman* v. *West Hartford*, supra, 96 Conn. App. 398 ("[a]n insinuation that the proper individual most likely received the notice from another town employee is not sufficient to satisfy the statutory [notice] requirement" of § 13a-149). In our view, the inference propounded by the plaintiff is not a reasonable one, and it is telling that the court in this case did not make such a finding in its memorandum of decision.

The record before us lacks evidence to substantiate the trial court's finding that the defendant actually received the plaintiff's notice of her § 13a-149 claim. Accordingly, that finding is clearly erroneous.

When a plaintiff fails "to comply with the notice requirements of § 13a-149, the trial court lack[s] subject matter jurisdiction over the action." *Ferreira* v. *Pringle*, supra, 255 Conn. 354. Among those requirements is the obligation to "provide statutory notice within ninety days of the accident . . . ." *Pratt* v. *Old Saybrook*, supra, 225 Conn. 180. For a court to have subject matter jurisdiction over a highway defect claim pursuant to § 13a-149, "the plaintiff bears the burden of proving delivery and actual receipt of notice" within that statutory time period. *Rivera* v. *Meriden*, supra, 72 Conn. App. 769. Because the plaintiff in the present case did not meet that burden at trial, the court improperly denied the defendant's motion to dismiss her highway defect claim.

The judgment is reversed with respect to the plaintiff's defective highway claim pursuant to § 13a-149 and the case is remanded with direction to render judgment

granting the defendant's motion to dismiss that claim for lack of subject matter jurisdiction; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.